BAILEY & GLASSER LLP
Patricia M. Kipnis (NJSB #016962003)
923 Haddonfield Road, Suite 300
Cherry Hill, NJ 08002
(856) 324-8219
pkipnis@baileyglasser.com

*Attorneys for Maple Energy, LLC and
Riverstone Holdings, LLC*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PETER I. SHAH  Plaintiff,  v.  MAPLE ENERGY HOLDINGS, LLC, RIVERSTONE HOLDINGS, LLC AND RAILROAD COMMISSION OF TEXAS  Defendants. | CIVIL ACTION NO. 3-21:CV-20791-FLW-TJB  HON. FREDA L. WOLFSON  Return Date: March 7, 2022 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANTS
MAPLE ENERGY HOLDINGS, LLC AND RIVERSTONE HOLDINGS, LLC
<u>TO DISMISS COMPLAINT</u>**

## TABLE OF CONTENTS

Page

I. Preliminary Statement ........................................................................................... 1
II. Plaintiff Fails to Allege a Basis for Personal Jurisdiction over the Defendants ................. 2
III. Plaintiff Failed to Effect Proper Service of Process ............................................. 3
IV. Plaintiff Fails to State a Claim ............................................................................ 5
V. Conclusion .............................................................................................................. 7

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ......................................................................................................... 5

*Control Screening LLC v. Tech. Application & Prod. Co. (Tecapro), HCMC-Vietnam,*
   687 F.3d 163 (3d Cir. 2012) ............................................................................................. 2

*Daimler AG v. Bauman,*
   571 U.S. 117 (2014) ......................................................................................................... 2

*DeShaney v. Winnebago Cty. Dept. of Social Servs.,*
   489 U.S. 189 (1989) ......................................................................................................... 6

*Erickson v. Pardus,*
   551 U.S. 89 (2007) ........................................................................................................... 5

*Fesniak v. Equifax Mortg. Servs. LLC,*
   No. 14-3728, 2015 WL 2412119 (D.N.J. May 21, 2015) ................................................ 3

*Fowler v. UPMC Shadyside,*
   578 F.3d 203 (3d Cir. 2009) ............................................................................................. 5

*Kennedy v. Help At Home, LLC,*
   731 Fed. Appx. 105 (3d Cir. 2018) .................................................................................. 3

*Mala v. Crown Bay Marina, Inc.,*
   704 F.3d 239 (3d Cir. 2013) ............................................................................................. 5

*Marlboro Township Bd. Of Educ. V. H.L.,*
   18-12053, 2019 WL 1877394 (D.N.J Apr. 26, 2019) ...................................................... 5

*Ruhrgas AG v. Marathon Oil Co.,*
   526 U.S. 574 (1999) ......................................................................................................... 2

*Thakar v. Tan,*
   372 F. App'x 325 (3d Cir. 2010) ...................................................................................... 5

*Timm v. Fed. Home Loan Mortg. Corp.,*
   No. 19-17304, 2021 WL 2582133 (D.N.J. June 23, 2021) .............................................. 6

**Statutes**

Del. Code. Ann. tit. 10, § 3111 ................................................................................................. 4

**Other Authorities**

Fed. R. Civ. P. 4(e) ..................................................................................................................2

Fed. R. Civ. P. 4(e)(1) & 4(h)(1)(A-B)....................................................................................4

Federal Rule of Civil Procedure 4(h)......................................................................................4

Federal Rule of Civil Procedure 12(b)(2) ...............................................................................3

Federal Rule of Civil Procedure 12(b)(2), (5), and (6) .......................................................1, 2

Federal Rule of Civil Procedure 12(b)(5) ...............................................................................4

N.Y. C.P.L.R. § 311................................................................................................................4

Rule 4(e)(1).............................................................................................................................4

Rule 12(b)(6).......................................................................................................................5, 6

Defendants Maple Energy Holdings, LLC ("Maple"), located at 602 Sawyer Street, Suite 710, Houston, Texas, 77007; and Riverstone Holdings, LLC ("Riverstone"), located at 712 5th Ave, 36th Floor, New York, New York, 10019 (together with Maple, the "Defendants") move pursuant to Federal Rule of Civil Procedure 12(b)(2), (5), and (6) to dismiss the Pro Se Complaint for a Civil Case (the "Complaint") filed in this case by Plaintiff Peter I. Shah ("Shah") and, in support thereof, state as follows:

## I.  Preliminary Statement

First, without any allegations whatsoever regarding the Defendants' or the underlying facts' and claims' connections with the State of New Jersey, the Plaintiff arbitrarily filed suit in this Court based on what appears to be nothing more than his own convenience as a citizen and resident of New Jersey. *See* Complaint [Doc 1]. The Complaint fails to provide any basis for this Court's personal jurisdiction over the Defendants and should be dismissed on this basis.

Second, Plaintiff filed a "notice of service" implying that he believes he properly served the Defendants (and Defendant Railroad Commission of Texas) via United States Postal Service Priority Mail and email. *See* Notice of Service [Doc 6]. Plaintiff failed to properly effect service on either Defendant, providing another basis for dismissal of the Complaint.

Third, without even the barest detail, the Plaintiff claims that the Defendants are engaged in the unauthorized use of real property he owns in the State of Texas, in purported violation of unspecified Texas property law and the Fifth and Fourteenth Amendments of the United States Constitution. Complaint [Doc 1] at III. Plaintiff fails to state a claim under any particular Texas law or the Due Process Clauses of the United States Constitution, which only protect citizens from government conduct and not from the alleged conduct of other private actors.

Accordingly, the Defendants move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2), (5) and (6).

**II.     Plaintiff Fails to Allege a Basis for Personal Jurisdiction over the Defendants**

Personal Jurisdiction is "an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999). The plaintiff bears the burden of establishing personal jurisdiction over each defendant. *Control Screening LLC v. Tech. Application & Prod. Co. (Tecapro), HCMC-Vietnam*, 687 F.3d 163, 167 (3d Cir. 2012).

Federal courts look to the state law of the state in which the district sits to govern the scope of jurisdiction over foreign defendants. *See* Fed. R. Civ. P. 4(e). New Jersey's long arm statute permits personal jurisdiction over nonresidents to the fullest extent permitted by the Constitution. *Control Screening LLC*, 687 F.3d at 167 (quoting N.J. Court Rule 4:4-4; citing U.S. Const. Am. 14).  For an out of state defendant to be subject to jurisdiction, the party must (a) essentially be "at home" in the forum or (b) allege some jurisdiction-connected act giving rise to the claims. *Daimler AG v. Bauman*, 571 U.S. 117, 127-28 (2014).

The Complaint establishes neither basis of jurisdiction. The Complaint recites that Defendant Maple Energy Holdings, LLC was formed under Delaware law and has its principal place of business in the State of New York. Complaint [Doc 1] at II.B.2.b. Its principal place of business is in fact in Texas; in either event it is, in no way, "at home" in New Jersey. And the Complaint alleges that Defendant Riverstone Holdings, LLC is a New York based venture capital/credit fund. Complaint [Doc 1] at II.B.2.b.  In fact, Defendant Riverstone Holdings, LLC is a Delaware limited liability company with its principal place of business in New York. Again, Riverstone Holdings, LLC is, in no way, "at home" in New Jersey.

Furthermore, nowhere in the Complaint does the Plaintiff allege any connection between his claims and any act or activity in the State of New Jersey. Accordingly, the Plaintiff has failed to satisfy his burden of proof of personal jurisdiction over the Defendants and the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2).  *See Kennedy v. Help At Home, LLC,* 731 Fed. Appx. 105 (3d Cir. 2018) (affirming Eastern District of Pennsylvania court's dismissal of claims for lack of personal jurisdiction when defendant did not do business in Pennsylvania and was not shown to have purposefully directed any conduct at Pennsylvania); *Fesniak v. Equifax Mortg. Servs. LLC,* No. 14-3728, 2015 WL 2412119, at *7 (D.N.J. May 21, 2015) (no personal jurisdiction when plaintiff failed to allege defendant's operations in New Jersey rendered it "at home" in this state).

### III.     Plaintiff Failed to Effect Proper Service of Process

Plaintiff Shah purports to have served the summons and complaint "via hand delivery," as well as "via email." In fact, the Plaintiff's notice of service shows that he "served" the Defendants as follows:

    a.     Defendant Maple Energy Holdings by USPS priority mail upon its authorized agent for service of process in Delaware and by email to John Gayle;

    b.     Defendant Riverstone Holdings by USPS priority mail at its New York office (or more properly the mail room of the building in which Riverstone Holdings's principal office is located).

*See* Notice of Service [Doc 6]. Although Plaintiff did also email the summons and complaint to Defendants, neither of the foregoing are accepted forms of service under the relevant statutes.

Federal Rule of Civil Procedure 4(h) requires that a corporation, partnership or other unincorporated association must be served either (i) in the manner prescribed by Rule 4(e)(1) for serving an individual, i.e., following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made, or (ii) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and— if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant. *See* Fed. R. Civ. P. 4(e)(1) & 4(h)(1)(A-B).

Plaintiff's attempt at service upon the Defendants failed to comply with Rule 4(h). The Plaintiff's method of service did not comply with the requirements of relevant state law by serving the Defendants personally in accordance with applicable state law. *See* N.J. Rule of Court 4:4-4; N.Y. C.P.L.R. § 311 (as applicable to Riverstone Holdings); Del. Code. Ann. tit. 10, § 3111 (as applicable to Maple Energy Holdings). Nor did the Plaintiff's service by mail properly deliver a copy of the summons and complaint to an officer or an agent authorized to receive service of process.

And even if the Plaintiff had properly delivered a copy of the summons and complaint to Maple Energy Holding's agent for the service of process in Delaware, he did not mail a copy of the summons and complaint to Maple Energy Holding.

Accordingly, the Plaintiff has failed to establish that he effected proper service on the Defendants and the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5).

## IV.     Plaintiff Fails to State a Claim

Plaintiff purports to bring claims under the Due Process clauses of the Fifth and Fourteenth Amendments to the United States Constitution as well as "Texas Real property laws". [*See* Compl., § III; *see also* references to Due Process clauses in Doc. 1-7].

When analyzing a Rule 12(b)(6) motion, the district court conducts a three-part analysis. *Marlboro Township Bd. Of Educ. V. H.L.*, 18-12053, 2019 WL 1877394 (D.N.J Apr. 26, 2019). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court, however, must disregard any conclusory allegations proffered in the complaint. *Id.* at 210-11. Finally, the court must determine whether the "facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). "[W]here the well-pleaded facts do not permit the court to infer more than mere possibility of misconduct," the claim is insufficient. *Iqbal*, 556 U.S. at 679.

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers...." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nonetheless, "a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because [he] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted). Thus, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

Plaintiff has not alleged sufficient facts in the Complaint to support any claim. At most, Plaintiff has alleged that he owns real property located in Reeves County, Texas, and provides a description of said property. [Certified Statement at ¶ 1.]

Both the Fifth and Fourteenth Amendments of the United States Constitution are intended to protect citizens from government conduct, and do not extend to claims of private litigants against one another. *See Timm v. Fed. Home Loan Mortg. Corp.*, No. 19-17304, 2021 WL 2582133, at *2 (D.N.J. June 23, 2021) ("The Fifth Amendment protects individuals against interference with certain rights and liberty interests by the federal government; purely private action does not trigger constitutional protection"); *DeShaney v. Winnebago Cty. Dept. of Social Servs.*, 489 U.S. 189, 196 (1989) ("purpose [of Fourteenth Amendment Due Process Clause] was to protect the people from the State, not to ensure that the State protected them from each other."). Because Defendants are private citizens and not government actors, Plaintiff's constitutional claims, as alleged against the private Defendants, fail as a matter of law and must be dismissed. *See Timm,* 2021 WL 2582133, at *3.

Plaintiff's Complaint is further devoid of any specific allegations and does not state a claim under unspecified "Texas Real property laws" sufficient to satisfy federal pleading requirements, even under the more lenient standards applicable to pro se litigants. Plaintiff fails to identify with particularity any specific laws or their elements, or allege any facts sufficient to meet the elements of those claims.

Accordingly, Plaintiff's Complaint must be dismissed for the additional reason that it fails to state a claim under Federal Rule of Civil Procedure 12(b)(6).

V. **Conclusion**

For all the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiff's Complaint with prejudice.

Dated: February 10, 2022
Cherry Hill, New Jersey

                                          Respectfully submitted,
                                          BAILEY & GLASSER, LLP

                                          */s/ Patricia M. Kipnis*
                                          Patricia M. Kipnis (NJSB #016962003)
                                          923 Haddonfield Road, Suite 300
                                          Cherry Hill, NJ 08002
                                          (856) 324-8219

                                          *Attorneys for Maple Energy, LLC and*
                                          *Riverstone Holdings, LLC*