## THE UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY
### 402 East State Street, Trenton, New Jersey 08608

Peter I. Shah, Pro Se
132 Montfort Drive
Belle Mead, New Jersey. 08502
Ph; 908 432 5030
**Email: petershah@msn.com**

| | |
|---|---|
| PETER I. SHAH, PLAINTIFF | CIVIL ACTION |
| V. | JURY TRIAL DEMANDED |
| MAPLE ENERGY HOLDINGS, LLC RIVERSTONE HOLDINGS,LLC RAILROAD COMMISSION OF TEXAS, | **3:21-CV-20791-FLW-TJB** |
| | RESPONSE WITH AFFIDAVIT |
| DEFENDANTS | HEARING REQUESTED |

### RESPONSE WITH AFFIDAVIT

I, Peter I. Shah, Pro Se Plaintiff (hereinafter, 'Shah' or 'I'), file this Response With Affidavit to the Motion To Dismiss(hereinafter 'MTD') filed by the defendant Maple Energy Holdings, LLC (hereinafter, 'Maple' or 'defendant') and Riverstone Holdings, LLC (hereinafter,' Riverstone' or 'defendant')(collectively-'defendants') in Case Pages ID 52 to 66[1].

Defendants have filed MTD under Fed. R. Civ 12(b)2, 12(b)5 and 12(b)6. The  MTD filed by the defendants have no merit and no logic. I am very confident that I  will prevail and defeat arguments raised under 12(b)2, 12(b)5 and 12(b)6. In any case, as no discovery is done, in the interest  of Justice, I request the Court to dismiss the MTD in its entirety, or allow me to amend the complaint.

---

[1] Rather than using docket number or document number/name and page, to simplify document search I have tried to use Case page ID numbers.

## RESPONSE

Two private defendants have filed MTD. The defendant, Railroad Commission(hereinafter RRC)   has not yet responded and their answer is due on 3/11/22.

The complaint is filed under Jurisdiction authorized by 28 USC § 1331 and 28 USC §1332. It is my understanding that defendants fall under 28 USC § 1332-Diversity of citizenship Jurisdiction(Exhibit A).I filed my pro se complaint via a form that was provided through the Court's website. I don't know what the issue is. Is it so that I cannot file a complaint using both the Jurisdiction 1331 and 1332? If not, why so?

As defendants have filed MTD under 12(b)2, 12(b)5 and 12(b)6, I will address each argument. I request the Court to consider my Complaint in its entirety(Case Page IDs1 to 28) as well as all affidavits and exhibits filed in this Response.

## 12(b)2

The Complaint seeks relief in the amount of $600,000 in actual damages and $2,400,000 in punitive damages.

The Complaint is filed under 'Federal question'( as to the RRC) Jurisdiction as well as under 'Diversity of Citizenship' Jurisdiction (as to defendants)(Case Page ID 3-Exhibit A). Under 28 USC § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 USC §1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff ( Case Page ID 3-Exhibit A).

It is unclear to me why the defendants are raising 'Personal Jurisdiction' questions. My Constitutional Rights frustration is with the RRC. And that is why the box for 'Federal question' is marked. However, defendants are  sued under the 'Diversity of citizenship' Jurisdiction(28 USC §1332)- for damages to the land and for 'tort to land' cause, among other charges.(Case Page ID 7). RRC and defendants are intertwined and feed on each other. Additionally, defendants could be in violation of my constitutional rights.

More to the point, the complaint seeks relief in the amount of $600,000 in actual damages and $2,400,000 in punitive damages via jury trial. None of the private defendants are citizens of the state of New Jersey. The Complaint  satisfies all  Jurisdiction requirements under 28 USC § 1332. The Jurisdiction is proper and the MTD must be DENIED.

In any case, I have done the following short analysis and came to the conclusion that this respected Court also has Personal Jurisdiction. However, I believe this is not required and will be considered moot. In any case, there is no jurisdiction bar to move the case forward.

1.     "The due process inquiry involves an assessment as to whether the quality and nature of the defendant's activity is such that it is reasonable and fair to require [that it] conduct [its] defense in that state," i.e., whether the defendant has sufficient "minimum contacts" with the forum. *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 334 (3d Cir. 2009).

2.     *Burger King Corp., 471 U.S. at 476(1985):  "Communications with a resident of a state may be sufficient to create jurisdiction."*

Defendants   have always communicated with me in the State of New Jersey (Affidavit @ 3,4).

Defendants have offered me $50,000 in the State of New Jersey. Defendants have offered me $6000/year rent in the State of New Jersey.( Case Page ID 10).

3     The Supreme Court has long recognized that "personal jurisdiction must adapt to progress in technology." *Hanson,* 357 U.S. at 250-51, 78 S. Ct. at 1237-38.

The subject property is bare land and has no physical address.[2] As 12(b)2 is evolving -especially during the Pandemic and in these days of 'work from home' and Internet access via specific geographically located IP address(Exhibit C), the Complaint satisfies Fed. Rule 12(b)2 condition of Personal Jurisdiction.

4.     "New Jersey's long arm statute allows the exercise of personal jurisdiction over non-resident defendants to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment." *Nicholas v. Saul Stone & Co.*, 224 F.3d 179, 184 (3d Cir. 2000)). "Pursuant to the Due Process Clause of the Fourteenth Amendment, in personam jurisdiction may be asserted over a nonresident so long as the defendant has 'certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Telcordia Tech Inc. v. Telkom SA Ltd, 458 F.3d 172, 177 (3d Cir. 2006) (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

5.     *Weber v. Jolly Hotels*, 977 F.Supp. 327, 333 (D.N.J. 1997). "contact is when the defendant clearly does business over the Internet." "If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of

---

[2] The recorded property deed describes the owner's name and address is in the State of New Jersey.

computer files over the Internet, personal jurisdiction is proper." Zippo, 952 F.Supp. at 1124 (citing CompuServe, Inc. v. Patterson, 89 F.3d 1257 (6th Cir. 1996)).

Defendants on their MTD writes(Case Page ID 60): *"Furthermore, nowhere in the Complaint does the Plaintiff allege any connection between his claims and any act or activity in the State of New Jersey. Accordingly, the Plaintiff has failed to satisfy his burden of proof of personal jurisdiction over the Defendants and the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2). See Kennedy v. Help At Home, LLC, 731 Fed. Appx. 105 (3d Cir. 2018)."*

Defendants are wrong. All defendants' communications and contacts activities have happened in New Jersey. And contrary to defendants' assertion, these arguments are misplaced as the Opinion in this case is NOT PRECEDENTIAL  and NOT BINDING. (Exhibit D)

The MTD must be denied in its entirety.

## 12(b)5

6.     "The general rule is that [a] signed return of service constitutes prima facie evidence of valid service, which can be overcome only by strong and convincing evidence." Thomas, 278 F.R.D. at 351 (quoting People's United Equip. Fin. Corp. v. Hartmann, 447 Fed. Appx. 522, 524 (5th Cir. 2011)

7      "[P]ro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings." *Lisson, 262 Fed. Appx. at 571*

The defendants in their MTD writes that *" Plaintiff's attempt at service upon the Defendants failed to comply with Rule 4(h).*" (Case page ID 61). However, please see document filed by defendants in Docket 7(Case Page ID 42-Exhibit E) stating that " *service of Plaintiff's*

*Complaint, as regards (to) Defendants, Maple Energy Holdings LLC and Riverstone Holdings LLC( hereinafter, collectively, "Defendants"), is alleged to have been completed on or about January 6, 2022.* Do defendants don't read their own filings? Furthermore, in the same document defendants request the Court 'that the deadline to file a responsive pleading be extended fourteen (14) days,....". Which this respected Court did.(See text order of 1/27/22).

Are defendants trying to have a 2nd bite of the apple? If the service was an issue, why didn't defendants bring that to Plaintiff's attention -like the defendant RRC did. The defendants admitted to having Pro Se Complaint served properly and agreed to accept the Service.(Exhibit E) Now, defendants are talking from different sides of the mouth. However, the Court will not let it happen. Defendants need to abide by their own pleadings and stop wasting judicial resources. The 12(b)5 objection to complaint has no merit and must be dismissed.

Furthermore, it is unclear to me how, without the Court's approval, Attorney Kipnis replaced Attorney Heck and proceeded to file the MTD.

## 12(b)6[3]

Defendants alleges that *"Plaintiff has not alleged sufficient facts in the Complaint to support any claim. At most, Plaintiff has alleged that he owns real property located in Reeves County, Texas, and provides a description of said property"* (See Case Page ID 63-First Paragraph). Really? I have no claim? The defendants are offering me $50,000 - out of charity? The defendants are willing to pay me yearly rent of $6000-for what?

---

[3] This is a boilerplate objection and I am really sad that the big law firm attorney and/or law school professor is engaged here in bullying a legitimate Pro Se litigant.

Granted that I am a Pro Se and English is my 2nd language. My college going son tells me that my grammar is terrible. However, even I can easily pinpoint multiple claims by reading the *Complaint.*

8.      "In considering a motion to dismiss under Rule 12(b) (6), the court may dismiss a complaint if it appears certain that the plaintiff cannot prove any set of facts in support of its claims which would entitle it to relief." *Mruz v. Caring, Inc.,* 39 F. Supp. 2d 495, 500 (D.N.J.1999) (Orlofsky, J.) (citing *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir. 1988)).

9.      It is well established that "[c]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss[.]" Dunn v. Castro, 621 F.3d 1196, 1205 n.6 (quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)); Magulta v. Samples, 375 F.3d 1269, 1274-75 (11th Cir. 2004) (when reviewing a motion to dismiss for failure to state a claim, courts should read the complaint in its entirety); 5B Wright & Miller, Federal Practice and Procedure § 1357 (3d ed. 2004)

10.     a pro se complaint may be dismissed for failure to state a claim only if the allegations set forth by plaintiff cannot be construed as supplying facts in support of a claim, which would entitle the plaintiff to relief." *Rhett v. N.J. State Superior Ct.,* No. 07-2303, 2007 WL 1791264, at *2 (D.N.J. June 19, 2007) (citing *Milhouse v. Carlson,* 652 F.2d 371, 373 (3d Cir. 1981), *aff'd,* 260 F. App'x 513 (3d Cir. 2008)).

**The Complaint provides following FACTUAL details(Case Page IDs 1-28).**

   a. Defendants are engaged in unauthorized use of the real property. (Case Page ID 4-Also Exhibit B)

b. I may apply for the Stay of defendants operation. (Case Page ID 4)

c. Defendants are engaged in- damages to real property, negligence, unauthorized oil and gas operations, continuous oil spill, environmental hazards, illegal gas flaring/venting (Case Page IDs 4,18).

d. The Complaint  is filed under the Real Property -(240) 'Tort to land' Claim. (Case Page ID 7)

e. Defendants have built a tank battery operation on the Plaintiff's land without Plaintiff's authorization[4].(Case Page ID 12-Also Exhibit B)

f. Defendants have built pipelines, Gas Flare, Chemical Tanks, Water Tanks, Cellular Antennas, Powerlines, Transportation Hub, Electrical equipments, Storage Tanks, Salt Water Disposals, Cameras and Fence on the Pro Se Plaintiff's land without his permission.(Case Page ID 12)

g. Unpermitted Tank Battery and related Operation have been on the Plaintiff's land for the past 21 months.(Case Page ID 12)

h. Defendants are leaking oil and chemicals on Pro Se Plaintiff's land. (Case Page ID 13)

i. Shah's name is not included in any liability insurance policy covering his land. (Case Page ID 13).

j. Defendants are offering Plaintiff $50,000 for the damages to the real property. (Case Page ID 10,15).

k. Defendants are willing  to enter yearly rent contracts in tune of $6000/year.(Case Page ID 10)

l. The RRC has agreed to look into unpermitted gas flare matter (Case Page ID 19).

---

[4] I feel like in my 4 bedroom house, one of the rooms is occupied by someone without my permission.

m. Approximately 12 tanker trucks are engaged in daily unauthorized trespassing.(Case Page ID 21-Also Exhibit B)

n. I met with the deputy sheriff of Reeves County, Texas before unlocking the gate on 11/04/22.(Case page ID 21)

o. I handed the "POSTED" sign to defendants on 11/04//22( Case Page IDs 21, 23)

p. Defendants are engaged in continuous illegal trespassing-even though warned to NOT do so.(Case Page ID 23-Exhibit B))

11.   a court confronted with a Rule 12(b)(6) motion must accept the truth of all factual allegations in the complaint and must draw all reasonable inferences in favor of the non-movant, Gross v. German Found Indus. Initiative, 549 F.3d 605, 610 (3d Cir. 2008) "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes , 416 U.S. 232, 236 (1974)*

12.   On a Rule 12(b)(6) motion to dismiss, "the defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

Defendants' *ad hominem* MTD have failed to show any support for dismissal and should be denied.

In   MTD   defendants   write(Case   Page   ID   60-First   two lines):*"Furthermore, nowhere in the Complaint does the Plaintiff allege any connection between **his claims** and any act or activity in the State of New Jersey."* What do defendants mean by **"his claims"**? Does not this mean that defendants agree that I have some plausible claims. Isn't this argument a direct contradiction to 12(b)6 MTD?

13. When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. Bell Atlantic Corp., supra, at ___ (slip op., at 8–9) (citing Swierkiewicz v. Sorema N. A., 534 U. S. 506, 508, n. 1 (2002); Neitzke v. Williams, 490 U. S. 319, 327 (1989); Scheuer v. Rhodes, 416 U. S. 232, 236 (1974)).Courts may consider any "'document integral to or explicitly relied upon in the complaint.'" Burlington Coat Factory, 114 F.3d at 1426 (quoting Shaw, 82 F.3d at 1220).

14.   In some cases,  "actions of private entities can sometimes be regarded as governmental action for constitutional purposes." *Lebron v. Nat'l R.R. Passenger Corp.*, 513 U.S. 374, 378 (1995)

15.   "in determining whether a complaint states a claim that is plausible, the court is required to proceed 'on the assumption that all the [factual] allegations in the complaint are true[,'] [e]ven if their truth seems doubtful." Anderson News, L.L.C. v. Am. Media, Inc., 680 F.3d 162, 185 (2d Cir. 2012) Id at 185 (court's emphasis) (quoting Twombly, 550 U.S. at 556).

Your Honor, I have pleaded sufficient facts, provided ample proof and presented many authorities in support of my complaint. It is easy to derive multiple plausible claims against the defendants from my complaint. The boilerplate notorious motion of 12(b)6 has no place here and must be dismissed.

In summary, there is no discovery done and this MTD is extremely premature and highly prejudicial to Shah. In the interest of Justice, the MTD must be denied and the Court needs to move the case forward.

## CONCLUSION

I filed the Complaint under 28 USC § 1331 as well as under 28 USC §1332. I checked both the boxes on the form provided by the Court. At the top of the boxes, it says "(check all that apply)".(Exhibit A).  I checked both the boxes as I believe my complaint raises questions about the State of Texas constitutional duties as well as defendants' unauthorized operations on my property.

Your Honor, the public and private defendants are intertwined and they feed on each other. RRC is a semi public agency in supervision of private defendants. RRC has yet to answer.

Maple is a newly formed LLC having RiverStone as the manager and financier.

I seek Your Honor's guidance. If the issue is that I cannot prosecute public and private defendants on the same complaint, I am ready-unwillingly to drop the public defendant from the complaint. Please allow me to make necessary changes and amend the complaint.

The defendants have failed to make any reasonable and logical argument in support of their MTD.  The Motion to Dismiss must be denied.

I pray for all Just and proper relief.

Respectfully Submitted,


Peter I. Shah, Pro Se                    Date:2/18/22

Certificate of Service

On 2/18/22, I sent this  Response with Affidavit to the following emails.

pkipnis@baileyglasser.com, andrew.heck@wilsonelser.com

susan.scott@law.njoag.gov

Amy.Rodriguez@oag.texas.gov     shelly.doggett@aog.texas.gov

I also via USPS priority mail sent a copy of the  Response With Affidavit to

Patricia M. Kipnis, Esq
Bailey & Glasser LLP
923 Haddonfield Road, Suit 300, Cherry Hill, NJ 08002

And

Andrew J. Heck, Esq
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
200 cAMPUS dRIVE, 4TH Floor
Florham Park, NJ 07932

Peter Shah

USDNJ- 3:21-CV-20791-FLW-TJB

## AFFIDAVIT

I, Peter I. Shah, Certify that the following statements made by me are true. I am aware that if any of the forgoing statements made by me are willfully false, I am subject to Punishment.

1.     I filed the Complaint under 28 USC §1331 and 28 USC § 1332(Exhibit A)

2.     Exhibit B is the correct copy of 3 pictures of the subject land.

3.     My internet protocol (IP) address is 98.221.81.53. My IP is located in the State of New Jersey. (Exhibit C)

4.     All my communication, contracts, offers and emails that I received from  defendants are received via the above IP address. This also includes an offer of $50,000 as one time payment and $6000/year rent payment.

5.     Exhibit D is the correct copy of the first page of an opinion.

6.     Exhibit E is the true copy of the document filed by the defendants in Docket 7.

Affiant

Peter I. Shah

### ACKNOWLEDGEMENT

STATE OF NEW JERSEY;                    COUNTY OF SOMERSET

On this 18th February 2022, Peter I. Shah, personally appeared before me and executed the above affidavit.

Notary Public

KRISTEN REESE
NOTARY PUBLIC OF NEW JERSEY
Commission # 50106831
My Commission Expires 6/12/2024

13

# EXHIBIT A

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal question                            ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
5th and 14th US Constitutional Amendments

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)* Peter I. Shah                            , is a citizen of the State of *(name)* New Jersey                            .

b.    If the plaintiff is a corporation

The plaintiff, *(name)*                            , is incorporated under the laws of the State of *(name)*                            , and has its principal place of business in the State of *(name)*                            .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)*                            , is a citizen of the State of *(name)*                            . Or is a citizen of *(foreign nation)*                            .

**EXHIBIT B**
3 Pages



# EXHIBIT C

# MY IP ADDRESS: 98.221.81.53

| | |
|---|---|
| **IPv4 Address** | **98.221.81.53**   Hide my IP with VPN |
| **IPv6 Address** | **Not detected** |
| **IP Location** | Middlebush, New Jersey (US)  [Details] |
| **Host Name** | c-98-221-81-53.hsd1.nj.comcast.net |
| **ISP** | Comcast Cable Communications LLC |
| **Proxy** | No proxy present |
| **Platform** | Windows 10 |
| **Browser** | Chrome 98.0.4758.80 |
| **User Agent** | Mozilla/5.0 (Windows NT 10.0; Win64; x64) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/98.0.4758.80 Safari/537.36 Edg/98.0.1108.43 |
| **Screen Size** | 1280px X 720px |
| **Cookie** | Enabled |
| **Javascript** | Enabled |

**EXHIBIT  D**

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-2281

_____

VIVIAN KENNEDY,

Appellant

v.

HELP AT HOME, LLC

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-16-cv-05291)
District Judge:  Hon. J. William Ditter, Jr.

_____

Submitted Under Third Circuit LAR 34.1(a)
April 26, 2018

Before:   JORDAN, BIBAS, and SCIRICA, *Circuit Judges*

(Filed: April 27, 2018)

_____

OPINION*

_____

_____

    * This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

# EXHIBIT  E

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
Andrew J. Heck, Esq. (AH9361)
200 Campus Drive, 4th Floor
Florham Park, New Jersey 07932-0668
Tel: (973) 624-0800
Fax: (973) 624-0808
(e) Andrew.Heck@wilsonelser.com
*Attorneys for Defendants, Maple Energy Holdings, LLC and Riverstone Holdings, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PETER I. SHAH | : | Civil Action No. 3:21-cv-20791-FLW-TJB |
| Plaintiff, | : | |
| v. | : | |
| | : | Hon. Tonianne J. Bongiovanni, U.S.M.J. |
| MAPLE ENERGY HOLDINGS, LLC | : | |
| RIVERSTONE HOLDINGS, LLC | : | |
| RAILROAD COMMISSION OF TEXAS | : | **AUTOMATIC FOURTEEN DAY** |
| | : | **RESPONSIVE PLEADING** |
| Defendants. | : | **EXTENSION PURSUANT TO L.** |
| | : | **CIV. R. 6.1 (b)** |

It is the undersigned's understanding that service of Plaintiff's Complaint, as regards Defendants, Maple Energy Holdings LLC and Riverstone Holdings LLC (hereinafter, collectively, "Defendants"), is alleged to have been completed on or about January 6, 2022. Accordingly, Defendants' responsive pleading, pursuant to *Fed. R. Civ. P. 12*, would be due on January 27, 2022. Pursuant to *L. Civ. R.* 6.1(b), Defendant respectfully requests that the deadline to file a responsive pleading be extended fourteen (14) days, until February 10, 2022. Thank you for all courtesies extended in this respect.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
Attorneys for *Defendants, Maple Energy Holdings, LLC and Riverstone Holdings, LLC*

By: */s/ Andrew J. Heck*
 Andrew J. Heck. (AH9361)
 Andrew.Heck@wilsonelser.com

Dated: 1/27/22

265753544v.1