BAILEY & GLASSER LLP
Patricia M. Kipnis (NJSB #016962003)
923 Haddonfield Road, Suite 300
Cherry Hill, NJ 08002
(856) 324-8219
pkipnis@baileyglasser.com

*Attorneys for Maple Energy, LLC and Riverstone Holdings, LLC*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PETER I. SHAH | |
| Plaintiff, | CIVIL ACTION NO. 3-21:CV-20791-FLW-TJB |
| v. | HON. FREDA L. WOLFSON |
| MAPLE ENERGY HOLDINGS, LLC, RIVERSTONE HOLDINGS, LLC AND RAILROAD COMMISSION OF TEXAS | Return Date: March 7, 2022 |
| Defendants. | |

**REPLY IN FURTHER SUPPORT OF DEFENDANTS MAPLE ENERGY HOLDINGS, LLC AND RIVERSTONE HOLDINGS, LLC'S <u>MOTION TO DISMISS COMPLAINT</u>**

# **TABLE OF CONTENTS**

Page

A. A Single, Limited Email Chain Is Insufficient to Confer Personal Jurisdiction Over Defendants ................................................................................................................ 1

B. Defendants Did Not Waive Any Defense Against Proper Service of Process ................... 6

C. Plaintiff's Recitation of Vague Grievances Fails to State a Claim ..................................... 6

Conclusion ....................................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Richcourt Allweather Fund, Inc. v. Midanek*,
   2014 WL 1582630 (D.N.J. Apr. 21, 2014) ........................................................................ 2, 5

*Appleton Prod., Inc. v. Auto Sport Group, Inc.*,
   2018 WL 3158813 (D.N.J. June 17, 2018) ........................................................................... 4

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................................. 7

*Bristol-Myers Squibb Co. v. Superior Court of Cal.*,
   137 S. Ct. 1773 (2017) ......................................................................................................... 3

*Brown v. First Premier Bank*,
   2013 WL 941572 (D.N.J. Mar. 6, 2013) .............................................................................. 8

*Brown v. Lundell*,
   162 Tex. 84, 344 S.W.2d 863 (1961) ................................................................................... 7

*Control Screening LLC v. Tech. Application & Prod. Co. (Tecapro), HCMC-Vietnam*,
   687 F.3d 163 (3d Cir. 2012) ................................................................................................. 5

*Erickson v. Pardus*,
   551 U.S. 89 (2007) ............................................................................................................... 8

*Fowler v. UPMC Shadyside*,
   578 F.3d 203 (3d Cir. 2009) ................................................................................................. 7

*Hone v. Baker*,
   2021 WL 753861 (D.N.J. Feb. 25, 2021) ............................................................................. 8

*Jacobsen v. Citi(Bank) Mortg. Arizona/New Jersey*,
   2014 WL 526632 (D.N.J Feb. 7, 2014) ................................................................................ 8

*Johnson v. German Aerospace Ctr.*,
   739 Fed. Appx. 182 (3d Cir. 2018) ...................................................................................... 8

*Machulsky v. Hall*,
   210 F.Supp.2d 531 (D.N.J. 2002) ......................................................................................... 5

*Mala v. Crown Bay Marina, Inc.*,
   704 F.3d 239 (3d Cir. 2013) ................................................................................................. 8

*Marten v. Godwin*,
　499 F.3d 290 (3d Cir. 2007)..................................................................................................2

*Meleika v. Instagram*,
　2021 WL 4219056 (D.N.J. Sept. 13, 2021) .........................................................................9

*Mellon Bank (E.) PSFS v. Farino*,
　960 F.2d 1217 (3d Cir. 1992)............................................................................................2, 4

*In re MTE Holdings, LLC*,
　Case No. 19-12269-CSS (Bankr. D. Del. June 8, 2020)........................................................7

*O'Connor v. Sandy Lane Hotel Co., Ltd.*,
　496 F.3d 312 (3d Cir. 2007)...............................................................................................2, 3

*RD Funding, LLC v. Barry A. Cohen, P.A.*,
　2013 WL 4039020 (D.N.J. Aug. 7, 2012) .........................................................................7, 8

*Remick v. Manfredy*,
　238 F.3d 248 (3d Cir. 2001)..................................................................................................2

*Shaffer v. Heitner*,
　433 U.S. 186 (1977)...............................................................................................................2

*Sun Oil Co. v. Whitaker*,
　483 S.W.2d 808 (Tex. 1972).................................................................................................7

*Team First Consulting, LLC v. Hangliter*,
　2007 WL 1302440 (D.N.J. Apr. 27, 2007) ...........................................................................5

*Thakar v. Tan*,
　372 F. App'x 325 (3d Cir. 2010)...........................................................................................8

*Toys R Us Inc v. Step Two SA*,
　318 F.3d 446 (3d Cir. 2003)..................................................................................................4

*Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co.*,
　75 F.3d 147 (3d Cir. 1996)....................................................................................................4

*Walden v. Fiore*,
　571 U.S. 277 (2014)...............................................................................................................3

*Warren Petroleum Corp. v. Martin*,
　153 Tex. 465, 271 S.W.2d 410 (1954)..................................................................................7

*Warren Petroleum Corp. v. Monzingo*,
　157 Tex. 479, 304 S.W.2d 362 (1957)..................................................................................7

**Other Authorities**

Civ. R. 6.1(b) ................................................................................................................................6

Federal Rule of Civil Procedure 4(h) ..........................................................................................6

Federal Rule of Civil Procedure 8(a) ..........................................................................................7

Federal Rule of Civil Procedure 12(b)(2), (5) and (6) ................................................................1

Federal Rule of Civil Procedure 12(b)(5) ...................................................................................6

Federal Rule of Civil Procedure 12(b)(6) ...................................................................................8

Plaintiff's response in opposition to the motion of Defendants Maple Energy Holdings, LLC ("Maple") and Riverstone Holdings, LLC ("Riverstone") (together here the "Defendants")[1] to dismiss the Plaintiff's Complaint does nothing to demonstrate this Court's personal jurisdiction over these Defendants, the propriety of the Plaintiff's service of the summons and complaint, or the sufficiency of the bare allegations in the affidavit attached to Plaintiff's complaint to support a claim under the Federal Rules of Civil Procedure. The Court should grant Defendants' motion in its entirety and dismiss the Plaintiff's complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(2), (5) and (6).

      A.      **A Single, Limited Email Chain Is Insufficient to Confer Personal Jurisdiction Over Defendants**

Defendants do not dispute that the complaint alleges diversity jurisdiction on its face. Defendants instead contend that this Court lacks personal jurisdiction over Defendants because neither of them is "at home" in New Jersey, a point the Plaintiff seemingly concedes, and the Plaintiff does not allege some jurisdiction-connected act giving rise to the claims. Specifically, both Defendants were formed under Delaware law, with Maple's principal places of business in Texas and Riverstone's in New York. And this suit, on its face, alleges that acts taken in Texas constitute the unauthorized use of property located in Texas.

Plaintiff nevertheless argues, based upon an email attached to his complaint (ECF No. 1-2), that email correspondence to him, allegedly in New Jersey according to Plaintiff's newly filed Affidavit (Doc. 14 at p. 13), relating to an attempt to resolve the parties' dispute over the acts in

---

[1] The third named Defendant, Railroad Commission of Texas, is not set to answer the Complaint until on or before March 11, 2022. (ECF No. 9).

1

Texas on Texas property, gives rise to personal jurisdiction over them under New Jersey's long-arm statute. Pl. Br. at 3-4. Plaintiff is wrong.

"New Jersey's "long-arm" statute permits courts to exercise personal jurisdiction over nonresident defendants to the maximum extent possible under the Due Process Clause." *Richcourt Allweather Fund, Inc. v. Midanek*, Civ. A. No. 13-4810, 2014 WL 1582630 (D.N.J. Apr. 21, 2014), citing *Mesalic v. Fiberfloat Corp.,* 897 F.2d 696, 698 n. 5 (3d Cir. 1990). Under the Due Process clause, personal jurisdiction may be exercised when the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co., Ltd.,* 496 F.3d 312, 316 (3d Cir. 2007). This means that a court must analyze the relationship between "the defendant, the forum, and the litigation," to determine whether personal jurisdiction exists. *Shaffer v. Heitner,* 433 U.S. 186, 204 (1977).

Courts exercise personal jurisdiction under two theories: specific jurisdiction or general jurisdiction. *See Marten v. Godwin,* 499 F.3d 290, 296–97 (3d Cir. 2007). "If general jurisdiction exists, a court may exercise jurisdiction over a non-resident defendant as to any claim against [him], regardless of whether the subject matter of the cause of action has any connection to the forum." *Mellon Bank (E.) PSFS v. Farino*, 960 F.2d 1217, 1221 (3d Cir. 1992). General jurisdiction normally is invoked only when a defendant has maintained "systematic and continuous" contacts with the forum state. *Marten*, 499 F.3d 290, 296 (3d Cir. 2007) (citing *Helicopteros Nacionales de Colombia, S.A. v Hall*, 466 U.S. at 414-15 & n.8 (1984)). In contrast, specific jurisdiction "is present only if the plaintiff's cause of action arises out of a defendant's forum related activities, such that the defendant should reasonably anticipate being haled into court in that forum." *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001) (quoting *Vetrotex*

2

*Certainteed Corp. v. Consol. Fiber Glass Prod. Co.,* 75 F.3d 147, 151 (3d Cir. 1996)). Plaintiff appears to contend only that the Court might exercise specific jurisdiction over Defendants here, and indeed he alleges no facts either in his complaint or his response to the motion to dismiss to support an exercise of general jurisdiction over these out-of-state parties.

"In order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.'" *Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773, 1781 (2017) (alteration in original, quotation omitted). Generally, "[t]he inquiry as to whether specific jurisdiction exists has three parts." *O'Connor*, 496 F.3d at 317. "First, the defendant must have purposefully directed [its] activities at the forum.... Second, the litigation must arise out of or relate to at least one of those activities.... And third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise comport[s] with fair play and substantial justice." *Id.* (citations and internal quotations omitted). The Plaintiff's allegations fail to establish either of the first two elements necessary to establish specific jurisdiction.

To establish that a defendant "purposefully directed [its] activities" toward the forum state, the lawsuit "must arise out of contacts that the 'defendant *himself*' creates with the forum," *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)), not merely out of "defendant's contacts with persons who reside [in the forum]," *id.* at 285 (citing *Int'l Shoe v. State of Wash.*, 326 U.S. 310 at 319 (1945)). "[T]he plaintiff cannot be the only link between the defendant and the forum." *Id.*; *see also O'Connor*, 496 F.3d at 317 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)) (noting that "the 'unilateral activity of those who claim some relationship with a nonresident defendant' is insufficient").

3

Even in response to the Defendants' motion, the Plaintiff still offers nothing more than the Defendants' communications with himself, solely as a New Jersey resident, as the only basis for this Court's personal jurisdiction over the Defendants.  Indeed, the Plaintiff has produced only a single, limited email chain reflecting the Defendants' unsuccessful attempt to resolve this Texas dispute via an unaccepted offer of a contract as sufficient purposeful availment to warrant the Court's exercise of specific jurisdiction. Putting aside that the email chain does not, on its face, even identify either Defendant by name,[2] generally, contracting with a resident as well as "[i]nformational communications in furtherance of [a contract between a resident and a nonresident] do[ ] not establish the purposeful activity necessary for a valid assertion of personal jurisdiction over [the nonresident defendant]." *Vetrotex*, 75 F.3d at 152 (citation omitted); *Mellon*, 960 F.2d at 1223 (Just as informational communications on their own do not amount to the requisite contacts for personal jurisdiction, "[t]he fact that a non-resident has contracted with a resident of the forum state is not, by itself, sufficient to justify personal jurisdiction over the nonresident."); *see also Toys R Us Inc v. Step Two SA,* 318 F.3d 446, 455 (3d Cir. 2003) (email, telephone calls, or mail do not trigger personal jurisdiction if they "do not show purposeful availment" of the forum state (quoting *Mellon Bank (E.) PSFS, N.A. v. DiVeronica Bros., Inc.,* 983 F.2d 551, 556 (3d Cir.1993)).

Accordingly, courts in this district routinely find that isolated emails in furtherance of a contract or in other discrete contexts are insufficient to establish personal jurisdiction under New Jersey's long-arm statute. *See Appleton Prod., Inc. v. Auto Sport Group, Inc.*, No. 17-cv-3697, 2018 WL 3158813, at *4 (D.N.J. June 17, 2018) (alleged series of communication transmissions

---

[2] Mr. Abbate, whose email address is at the riverstoncredit.com domain, is the co-head of Riverstone Credit Partners, L.P., a separately organized affiliate of Defendant Riverstone Holdings, LLC.  Riverstone Holdings has its own separate domain name.

to New Jersey insufficient to establish specific jurisdiction, citing rule that informational communications in furtherance of a contract does not establish necessary purposeful activity for valid assertion of personal jurisdiction over nonresident defendant); *Team First Consulting, LLC v. Hangliter*, No. 07–311, No. 07-311, 2007 WL 1302440, at *6 (D.N.J. Apr. 27, 2007) ("Because nothing in the Complaint indicates that anything other than communications related to the alleged contract were sent to and from New Jersey, the court finds that it does not have personal jurisdiction over Plaintiffs' contract claims"); *Team First Consulting, LLC v. Hangliter*, 2007 WL 1302440, at *5 (D.N.J. 2007) (facts as alleged involved nothing more than informational communications in furtherance of a contract, and therefore did not confer personal jurisdiction over the non-resident defendant); *Machulsky v. Hall,* 210 F.Supp.2d 531, 542 (D.N.J. 2002) (holding that minimal email correspondence, "by itself or even in conjunction with a single purchase, does not constitute sufficient minimum contacts."); *Richcourt*, 2014 WL 1582630, at *6 (no specific personal jurisdiction over New Jersey defendant when only evidence offered was "Defendant's transmission of a single email" from within New Jersey and complaint did not suggest New Jersey had any connection with litigation).

      The plaintiff bears the burden of establishing personal jurisdiction over each defendant. *Control Screening LLC v. Tech. Application & Prod. Co. (Tecapro), HCMC-Vietnam*, 687 F.3d 163, 167 (3d Cir. 2012). Because the Plaintiff offers only alleged email communications sent in furtherance of a contract that was never entered into and which do not even identify the Defendants, Plaintiff has not met his burden of showing that these out-of-state Defendants purposefully directed their activities at New Jersey such that the Court may exercise personal jurisdiction over them under New Jersey's long-arm statute.

B.  **Defendants Did Not Waive Any Defense Against Proper Service of Process**

Defendants set forth in their initial motion how Plaintiff failed to effect service under Federal Rule of Civil Procedure 4(h) because Plaintiff failed to serve Defendants personally in accordance with state law.[3] In response, Plaintiff points only to Defendants' "Automatic Fourteen Day Responsive Pleading Extension Pursuant to L. Civ. R. 6.1(b)," wherein Defendants' former counsel recited his "understanding" that service on Defendants was "alleged to have been completed on or about January 6, 2022," and requested a fourteen day extension to respond to same. (ECF No. 7). Nowhere in that document did Defendants, through counsel, concede that Plaintiff's service was proper or complete; to the contrary, Defendants' prior counsel was careful to note that service was only "alleged" to have been completed. Accordingly, the Plaintiff has failed to establish that he effected proper service on the Defendants and the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5) for all the reasons stated in Defendants' initial brief.

C.  **Plaintiff's Recitation of Vague Grievances Fails to State a Claim**

In his Complaint, Plaintiff purports to bring claims under the Due Process clauses of the Fifth and Fourteenth Amendments to the United States Constitution as well as "Texas Real property laws". [*See* Compl., § III; *see also* references to Due Process clauses in Doc. 1-7]. In his Response to Defendants' motion, the Plaintiff appears to no longer assert Due Process claims against these "private" Defendants,[4] but points the Court to allegations in the affidavit attached as

---

[3] In response to Plaintiff's apparent confusion over the propriety of Defendants having new counsel, Defendants also respectfully direct Plaintiff to Defendants' Substitution of Counsel, wherein Attorney Kipnis replaced Attorney Heck as counsel for Defendants. (ECF No. 12).

[4] *See* Response (ECF No. 14) at 2 (indicating that he alleges federal question jurisdiction as to the RRC) & 3 ("My Constitutional Rights frustration is with the RRC. And that is why the box for 'Federal question' is marked."). But the Plaintiff also alleges that "RRC and defendants are intertwined and feed on each other," seemingly meaning that "defendants could be in violation of [the Plaintiff's] constitutional rights." Response at 3.

an exhibit to his initial pleading attesting that Defendants have engaged in "unauthorized use" of his real property in Texas in that Defendants have allegedly operated a tank battery and other related oil and gas operations equipment on Plaintiff's land for oil and gas operations, exploration and storage.[5]

As Defendants set forth in their initial brief, simply reciting these grievances in this conclusory fashion does not meet the exacting pleading standards of Rules 8(a) and 12(b)(6), even allowing for the less stringent standards available to pro se litigants. *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Under Federal Rule of Civil Procedure 8(a), a pleading must contain a "short and plain statement of the ***claim*** showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a) (emphasis added). This requirement "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft,* 556 U.S. at 687 (citations omitted). "Although a pleading that offers mere 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not suffice, a complaint that fails to clearly identify the cause of action asserted in each count is equally deficient." *RD Funding, LLC v. Barry A. Cohen, P.A.,* No. 13–77, 2013 WL 4039020, at *5 (D.N.J. Aug. 7, 2012). "Neither the Court nor Defendants should be required to guess which particular claims are being asserted and/or to sift through a tome of allegations to piece together those

---

[5] Texas law provides that the holder of a mineral estate, as the dominant estate, has rights of ingress and egress and the right to use as much of the surface estate, which constitutes the servient estate, as is reasonably necessary to the purposes of investigating, exploring, prospecting, drilling and mining for and producing oil, gas and all other minerals, construction of caliche roads, caliche pads, pits and a tank battery, and laying flowlines and electrical lines. *See Sun Oil Co. v. Whitaker*, 483 S.W.2d 808, 811 (Tex. 1972), citing *Humble Oil & Refining Co. v. Williams*, 420 S.W.2d 133 (Tex. 1967); *Warren Petroleum Corp. v. Martin*, 153 Tex. 465, 271 S.W.2d 410 (1954); *Warren Petroleum Corp. v. Monzingo*, 157 Tex. 479, 304 S.W.2d 362 (1957); *Brown v. Lundell*, 162 Tex. 84, 344 S.W.2d 863 (1961). In fact, the Plaintiff previously asserted the same claims of unauthorized use against the prior owner in the prior owner's bankruptcy case and lost. *See* Memorandum Order, *In re MTE Holdings, LLC*, Case No. 19-12269-CSS (Bankr. D. Del. June 8, 2020); Memorandum Order, *In re MTE Holdings, LLC*, Case No. 19-12269-CSS (Bankr. D. Del. July 30, 2020).

claims." *Id.* This requirement applies to ***pro se*** plaintiffs as well. *See Brown v. First Premier Bank,* No. 12–7697, 2013 WL 941572 (D.N.J. Mar. 6, 2013) (dismissing *pro se* plaintiff's complaint for failure to articulate specific cause of action); *Jacobsen v. Citi(Bank) Mortg. Arizona/New Jersey*, No. 13-6914, 2014 WL 526632, at *2 (D.N.J Feb. 7, 2014) (dismissing pro se complaint for failure to state a claim when, "Without a more specific articulation of the cause of action and a more detailed set of allegations to support Plaintiffs' cause, the Court would be forced to 'guess' which claims are being asserted.")

Again, Defendants recognize that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers...." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nonetheless, "a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because [he] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted). Thus, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted); *Johnson v. German Aerospace Ctr.*, 739 Fed. Appx. 182 (3d Cir. 2018) (same, affirming dismissal of pro se complaint for failure to state a claim).

Plaintiff's citation to his affidavit which in turn alleges that Defendants have engaged in unauthorized use of Plaintiff's land – untethered to any particular claim or elements of a claim – falls short of what is required to state a claim under Federal Rule of Civil Procedure 8 and 12(b)(6). Again, Plaintiff fails to identify with particularity any specific laws, their elements of any specific law, or any facts sufficient addressing the elements of those claims.

For these reasons, Plaintiff's Complaint must be dismissed for the additional reason that it fails to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Hone v. Baker*, No. 21-

05, 2021 WL 753861, at *2 (D.N.J. Feb. 25, 2021) (dismissing pro se complaint for failing to explain why plaintiff is entitled to legal relief); *Meleika v. Instagram*, No. 21-16720, 2021 WL 4219056, at *2 (D.N.J. Sept. 13, 2021) (dismissing pro se complaint for failing to plead factual allegations that "suggest any cause of action that plaintiff would have standing to pursue")

## Conclusion

For all the foregoing reasons and those set forth in their initial Memorandum of Law, Defendants respectfully request that the Court dismiss Plaintiff's Complaint with prejudice.

Dated: February 25, 2022
Cherry Hill, New Jersey

Respectfully submitted,
BAILEY & GLASSER, LLP

*/s/ Patricia M. Kipnis*
Patricia M. Kipnis (NJSB #016962003)
923 Haddonfield Road, Suite 300
Cherry Hill, NJ 08002
(856) 324-8219
pkipnis@baileyglasser.com

*Attorneys for Maple Energy, LLC and Riverstone Holdings, LLC*