OFFICE OF THE ATTORNEY GENERAL OF TEXAS
Shannon Ryman (NJSB #27442007)
Assistant Attorney General
P.O. Box 12548, MC-030
Austin, Texas 78711-2548
(512) 475-1205
shannon.ryman@oag.texas.gov

*Attorney for Defendant*
*Railroad Commission of Texas*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PETER I. SHAH,<br><br>   *Plaintiff,*<br><br>v.<br><br>MAPLE ENERGY HOLDINGS, LLC; RIVERSTONE HOLDINGS, LLC; RAILROAD COMMISSION OF TEXAS,<br><br>   *Defendants.* | Civil Action No. 3:21-cv-20791-FLW-TJB<br><br>HON. TONIANNE J. BONGIOVANNI<br><br><br>Return Date:  April 18, 2022 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANT RAILROAD COMMISSION OF TEXAS <u>TO DISMISS COMPLAINT</u>

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................ i

TABLE OF AUTHORITIES ....................................................... ii

I.     Preliminary Statement ................................................1

II.    The Commission is entitled to dismissal under Rule 12(b)(1) because the Court lacks subject-matter jurisdiction over Shah's claims. .....................3

  A. The Commission has Eleventh Amendment immunity against Shah's claim for monetary damages. ...............................................3

  B. The Commission is entitled to sovereign immunity against Shah's takings claims. ........................................................6

    i.   The Eleventh Amendment bars takings claims, too.........................6

    ii.  Assuming Shah's takings claims were not barred by the Eleventh Amendment, Shah still has not pled viable claims. ........................7

    iii. Shah's taking claims are subject to background property principles as defined in Texas law. ...................................................9

  C. Shah lacks standing to claim an alleged injury in a private contractual dispute that does not involve the Commission....................................10

III.   The Commission is entitled to dismissal under Rule 12(b)(2) because the Court lacks personal jurisdiction over this Texas agency. ......................11

  A. The Court does not have general personal jurisdiction over the Commission, which operates and enjoys its jurisdiction in Texas. ....12

  B. The Court does not have specific personal jurisdiction over the Commission, which has no contacts in New Jersey relating to Shah's claims...............................................................14

IV.    The Commission is entitled to dismissal under Rule 12(b)(6) for failure to state a claim because Shah fails to allege plausible claims.................18

V.     The Commission seeks dismissal of Shah's claims against it for the reasons state above. Nevertheless, should the Court not dismiss the Complaint based on those grounds, dismissal is still appropriate because Shah filed this suit in an improper venue under Rule 12(b)(3)...............23

VI.    Conclusion ............................................................26

# TABLE OF AUTHORITIES

## Cases

*Alden v. Maine*,
  527 U.S. 706 (1999)................................................................4

*Andrade v. NAACP of Austin*,
  345 S.W.3d 1 (Tex. 2011)......................................................21

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)....................................................... 18, 19

*Atascadero St. Hosp. v. Scanlon*,
  473 U.S. 234 (1985)................................................................7

*Barnes v. Mathis*,
  353 S.W.3d 760 (Tex. 2011)..................................................20

*Bay Point Props., Inc. v. Miss. Transp. Comm'n*,
  937 F.3d 454 (5th Cir. 2019) .................................................7

*Bennett v. City of Atlantic City*,
  288 F. Supp.2d 675 (D.N.J. 2003)......................................3, 4

*Bockman v. First Am. Mktg Corp.*,
  459 F. App'x 157 (3d. Cir. 2012) ................................... 24, 25

*Bristol-Myers Squibb Co. v. Superior Court*,
  No. 16-466, 2017 U.S. LEXIS 3873 (Feb. 17, 2022)..........14

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985)....................................... 14, 15, 16, 17

*Carteret Sav. Bank, FA v. Shushan*,
  954 F.2d 141 (3d Cir. 1992) .................................................12

*Cedar Point Nursery v. Hassid*,
  141 S. Ct. 2063 (2021)..........................................................23

*Cerciello v. Canale*,
  563 F. App'x 924 (3d Cir. 2014) .........................................12

*Cmty. Hous. Improvement Program v. City of New York*,
   492 F. Supp.3d 33 (E.D.N.Y. 2020) ....................................................................6

*Correa v. City of Bay City*,
   981 F. Supp. 47 (S.D. Tex. 1997) ......................................................................4

*Cottman Transmission Sys., Inc. v. Martino*,
   36 F.3d 291 (3d Cir. 1994) ........................................................................ 24, 25

*Coyote Lake Ranch, LLC v. City of Lubbock*,
   498 S.W.3d 53 (Tex. 2016) ......................................................................... 9, 22

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014)...........................................................................................13

*Envtl. Processing Sys., L.C. v. FPL Farming Ltd.*,
   457 S.W.3d 414 (Tex. 2015)..............................................................................20

*Erickson v. Pardus*,
   551 U.S. 89 (2007)..............................................................................................19

*Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*,
   51 S.W.3d 573 (Tex. 2001)................................................................................20

*Estelle v. Gamble*,
   429 U.S. 97 (1976)..............................................................................................19

*Ex parte Young*,
   209 U.S. 123 (1908)..............................................................................................5

*Fed. Mar. Comm'n v. S.C. State Ports Auth.*,
   535 U.S. 743 (2002)..............................................................................................4

*Fitchik v. N.J. Transit Rail Operations, Inc.*,
   873 F.2d 655 (3d Cir. 1989) ................................................................................4

*Fowler v. UPMC Shadyside*,
   578 F.3d 203 (3d Cir. 2009) ..............................................................................18

*Getty Oil Co. v. Jones*,
   470 S.W.2d 618 (Tex. 1971)..............................................................................10

*Hans v. Louisiana,*
    134 U.S. 1 (1890).....................................................................................4

*Harris Cty. Flood Control Dist. v. Kerr,*
    499 S.W.3d 793 (Tex. 2016)............................................................ 7, 23

*Hickerson v. New Jersey,*
    No. 08-1033AET, 2009 WL 3296529 (D.N.J. Oct. 13, 2009) ...........................22

*IMO Indus., Inc. v. Kiekert AG,*
    155 F.3d 254 (3d Cir. 1998) ....................................................... 11, 17

*In re Real Estate Title & Settlement Servs. Antitrust Litig.,*
    869 F.2d 760 (3d Cir. 1989) ...............................................................14

*Int'l Shoe Co. v. Washington,*
    326 U.S. 310 (1945)............................................................... 12, 13

*Keeton v. Hustler Magazine, Inc.,*
    465 U.S. 770 (1984)....................................................................15

*Kennedy v. Help at Home, LLC,*
    731 Fed. App'x 105 (3d Cir. 2018) ....................................................17

*Klumb v. Houston Mun. Emps. Pension Sys.,*
    458 S.W.3d 1 (Tex. 2015)...............................................................21

*Knick v. Twp. of Scott, Pennsylvania,*
    139 S. Ct. 2162 (2019)...................................................................6

*Lapides v. Bd. of Regents of the Univ. Sys. of Ga.,*
    535 U.S. 613 (2002)......................................................................5

*Leroy v. Great W. United Corp.,*
    443 U.S. 173 (1979).....................................................................25

*Lingle v. Chevron U.S.A., Inc.,*
    544 U.S. 528 (2005).......................................................................8

*Lucas v. S.C. Coastal Council,*
    505 U.S. 1003 (1992)..................................................................8, 9

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992).................................................................................10

*Magnolia Petroleum v. Railroad Comm'n*,
   170 S.W.2d 189 (1943)...................................................................... 10, 22

*Mala v. Crown Bay Marina, Inc.*,
   704 F.3d 239 (3d Cir. 2013) .................................................................19

*Marlboro Twp. Bd. of Educ. v. H.L.*,
   18-12053, 2019 WL 1877394 (D.N.J Apr. 26, 2019) ........................................18

*Marten v. Godwin*,
   499 F.3d 290 (3d Cir. 2007) .............................................................. 15, 17

*Miller Yacht Sales, Inc. v. Smith*,
   384 F.3d 93 (3d Cir. 2004) ...................................................................12

*Osburn v. Denton Cty.*,
   124 S.W.3d 289 (Tex. App.—Fort Worth 2003, pet. denied)...............................9

*Pennhurst State Sch. & Hosp. v. Halderman*,
   465 U.S. 89 (1984)...............................................................................5

*Pinker v. Roche Holdings Ltd.*,
   292 F.3d 361 (3d. Cir. 2002) .............................................................. 12, 14

*Provident Nat'l Bank v. Calif. Fed. Sav. & Loan Ass'n*,
   819 F.2d 434 (3d Cir. 1987) ..................................................................12

*Remick v. Manfredy*,
   238 F.3d 248 (3d Cir. 2001) .............................................................. 12, 14

*Rinaldo v. RNR Inv., LLC*,
   387 N.J.Super. 387 (App. Div. 2006).......................................................20

*Rodriguez-Escobar v. Goss*,
   392 S.W.3d 109 (Tex. 2013).................................................................21

*Simi Inv. Co. v. Harris Cty.*,
   236 F.3d 240 (5th Cir. 2000) ..................................................................9

*Tex. Educ. Agency v. Am. YouthWorks, Inc.*,
    496 S.W.3d 244 (Tex. App.—Austin 2016), aff'd, 555 S.W.3d 54 (Tex. 2018)21

*Tex. Gen. Land Off. v. La Concha Condo. Assoc.*,
    No. 13-19-00357-CV, 2020 WL 2610934 (Tex. App.—Corpus
    Christi, May 21, 2020) ..................................................................... 8, 23

*Tex. Parks & Wildlife Dep't v. Sawyer Trust*,
    354 S.W.3d 384 (Tex. 2011) ................................................................8

*Thakar v. Tan*,
    372 F. App'x 325 (3d Cir. 2010) .......................................................19

*U.S. Oil Recovery Site PRP Grp. v. R.R. Comm'n of Tex.*,
    898 F.3d 497 (5th Cir. 2018) ...............................................................4

*U.S. v. St. Thomas Beach Resorts, Inc.*,
    386 F. Supp. 769 (D. V.I. 1974), *aff'd mem.*, 529 F.2d 513 (3d Cir. 1975)........10

*Welch v. Texas Dep't of Highways & Pub. Transp.*,
    483 U.S. 468 (1987) ...........................................................................4

*Whitmore v. Arkansas*,
    495 U.S. 149 (1990) .........................................................................10

*Williams v. Utah Dep't of Corr.*,
    928 F.3d 1209 (10th Cir. 2019) ...........................................................7

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980) .........................................................................16

**Statutes**

U.S. Const. amend. XI ........................................................... 3, 4, 7

28 U.S.C. § 1391(b)(1)........................................................................24

28 U.S.C. § 1391(b)(2).......................................................... 23, 24, 25, 26

28 U.S.C. § 1391(b)(3).......................................................................26

28 U.S.C. §§ 1391(b)(1)-(3) ................................................................24

Tex. Gov't Code §§ 2007.001–.045 ............................................. 2, 6, 7

Tex. Nat. Res. Code § 81.051 ........................................................................ 3, 4, 13

**Rules**

Fed. R. Civ. P. 12(b)(1) .......................................................................... 1, 3, 11, 26

Fed. R. Civ. P. 12(b)(2) .............................................................................. 1, 11, 26

Fed. R. Civ. P. 12(b)(3) .............................................................................. 1, 23, 26

Fed. R. Civ. P. 12(b)(6) ................................................................................... *passim*

Defendant Railroad Commission of Texas ("RRC" or the "Commission") moves to dismiss the Complaint for a Civil Case (the "Complaint") filed by *pro se* Plaintiff Peter I. Shah ("Shah") pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, 12(b)(2) for lack of personal jurisdiction, 12(b)(3) for improper venue, and 12(b)(6) for failure to state a claim, and, in support thereof, state as follows:

## I.    Preliminary Statement

Shah's lawsuit relates to real property he purportedly owns in Reeves County in the state of Texas. Compl. at 4, Ex. B. Shah appears to allege that he owns the surface acreage and that Defendants Maple Energy Holdings, LLC and/or Riverstone Holdings, LLC ("Mineral Estate Defendants") own or operate the severed mineral estate. Compl. at 4, Ex. B. He claims that the defendants are engaged in unauthorized use of his surface estate property, that he has not authorized oil and gas operations or equipment on his property, and that has not signed any surface use or easement agreement. Compl. at 4, Ex. B at 2.

Shah's complaint with regard to the Commission is unclear, though he appears to believe the Commission, which is responsible for regulation of the oil and gas industry (Compl. at 6), should be regulating the Mineral Estate Defendants differently. Shah contends that the Mineral Estate Defendants are engaging in illegal flaring or venting activities and discusses other purported disagreements regarding

the use of the surface estate, which he voices in letters or emails sent to Commission staff, or on which the Commission is copied. Compl., Ex. D, E, F.

Shah is admittedly aware of Texas case law addressing the varied rights of mineral interest owners and surface estate owners, though he believes Texas jurisprudence favoring the dominant mineral estate over surface rights were wrongly decided and violate the 5th and 14th amendments of the U.S. Constitution, as well as the Texas Constitution and Texas Private Real Property Rights Preservation Act, Tex. Gov't Code §§ 2007.001–.045. Compl., Ex. F. With regards to his specific causes of action, Shah further alleges the defendants are violating several Texas real property laws.[1]

Shah's Complaint, however, includes no facts or allegations regarding the Commission's use or interference with his property. Shah is unaware of any Commission documents or permits authorizing tank batteries, gas flaring, or other equipment on his surface estate. Compl., Ex. B. And his Complaint includes no allegations regarding the Commission or contact with its staff other than the correspondence described above.

Relatedly, Shah does not set out any allegations to connect the Commission with the State of New Jersey. While Shah has brought this suit in federal court in

---

[1] Shah lists "illegal taking, trespassing, fraud, negligence, unauthorized use, damages, constitutional law violations, etc." as the bases for his damages. Compl. at 4.

New Jersey, he repeatedly references Texas property laws and does not raise any New Jersey law claims. Compl. at 4, 6, Ex. D-F. His attached correspondence also consistently demonstrates that any contact or correspondence between Shah and the Commission was initiated by Shah. Compl., Ex. D, E, F.

The Commission is located at 1701 Congress Avenue, Austin, Texas, 78701, Compl. at 2 and is an agency of the State of Texas. Compl. at 6. The Commission has regional offices throughout Texas and its' regulatory power and jurisdiction is limited to Texas. *See* Tex. Nat. Res. Code § 81.051(a).[2]

## II.   The Commission is entitled to dismissal under Rule 12(b)(1) because the Court lacks subject-matter jurisdiction over Shah's claims.

### A. The Commission has Eleventh Amendment immunity against Shah's claims for monetary damages.

The Commission moves to dismiss this lawsuit under Fed. R. Civ. P. 12(b)(1) because the Court lacks subject-matter jurisdiction over Shah's claims for monetary damages against the Commission due to Eleventh Amendment immunity. *See Bennett v. City of Atlantic City*, 288 F. Supp.2d 675, 679-80 (D.N.J. 2003). The Supreme Court has set out that the purpose of the Eleventh Amendment[3] is to "afford

---

[2] "The commission has jurisdiction over (1) common carrier pipelines defined in Section 111.002 of this code *in Texas*; (2) oil and gas wells *in Texas*; (3) persons owning or operating pipelines *in Texas*; and (4) persons owning or engaged in drilling or operating oil or gas wells *in Texas*." (emphasis added).

[3] The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

the States the dignity and respect due sovereign entities." *Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 769 (2002). It generally bars suits in federal court by any private party against states. *Alden v. Maine*, 527 U.S. 706, 712-13 (1999); *Hans v. Louisiana*, 134 U.S. 1, 10 (1890) (clarifying that a state's own citizens may not bring a claim against a state in federal court). Because Shah seeks to recover actual and punitive damages through his suit, Compl. at 4, the Eleventh Amendment entirely bars Shah's claims against the Commission. *Bennett*, 288 F. Supp.2d at 681.

Eleventh Amendment immunity extends to "arms of the state," including state agencies and departments. *Welch v. Texas Dep't of Highways & Pub. Transp.*, 483 U.S. 468 (1987); *see also Fitchik v. N.J. Transit Rail Operations, Inc.*, 873 F.2d 655, 658 (3d Cir. 1989) (finding state agency entitled to Eleventh Amendment immunity in federal court). The Commission is a Texas state agency regulating oil and gas operations in Texas. Tex. Nat. Res. Code § 81.051. Federal courts have already held that the Eleventh Amendment protects the Commission and other Texas agencies from suit in federal court. *See U.S. Oil Recovery Site PRP Grp. v. R.R. Comm'n of Tex.*, 898 F.3d 497, 502 (5th Cir. 2018); *see also Correa v. City of Bay City*, 981 F. Supp. 477, 479 (S.D. Tex. 1997). As the Commission is an arm of the state of Texas, and Shah seeks to recover actual and punitive damages through his suit, Compl. at 4, the Eleventh Amendment bars Shah's claims against the agency. *Bennett*, 288 F. Supp.2d at 681.

While there are potential exceptions to immunity under the Eleventh Amendment, none apply here. One well-known exception exists for suits against state officials acting within their official capacities seeking prospective injunctive relief. *Ex parte Young*, 209 U.S. 123, 166-68 (1908). However, Shah seeks no such relief. The *Ex parte Young* exception, moreover, is limited—and not applicable—to claims seeking monetary damages, or to compel the government to act. When the judgment sought against state officials would "expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act," the Eleventh Amendment still bars the suit. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02, 101 n. 11 (1984) (emphasis added) (citations omitted). Thus, Shah could not amend his petition to allege such a claim and seek to require the Commission to take action.

Another exception to immunity occurs when a state waives its Eleventh Amendment immunity by taking actions inconsistent with its immunity or by consenting to suit in federal court. *See, e.g., Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 623 (2002) (finding the state of Georgia waived Eleventh Amendment immunity by removing case to federal court). But the Commission has not consented to this suit in federal court and invokes its immunity for purposes of dismissal. A third exception may arise through Congressional abrogation of the

State's immunity, though no such abrogation by federal statute is pleaded or relevant in this case.

**B. The Commission is entitled to sovereign immunity against Shah's takings claims.**

To the extent Shah may argue that his takings claims are not barred due to constitutional or statutory waivers of immunity, he is incorrect. Shah's Complaint asserts state and federal constitutional takings claims and a statutory takings claims under the Texas Private Real Property Rights Preservation Act, Tex. Gov't Code §§ 2007.001–.045 ("Property Rights Act").

*i. The Eleventh Amendment bars takings claims, too.*

Although not yet decided in the U.S. Supreme Court or Third Circuit, "[t]he overwhelming weight of authority among the circuits . . . hold that sovereign immunity trumps the Takings Clause—at least where, as here, the state provides a remedy of its own for an alleged violation." *Cmty. Hous. Improvement Program v. City of New York* , 492 F. Supp.3d 33, 39-41 (E.D.N.Y. 2020) (surveying decisions from the Fourth, Fifth, Ninth, and Tenth Circuits holding the Eleventh Amendment barred takings claims against states in federal court). Courts that have considered the issue have determined that recent Supreme Court jurisprudence in *Knick v. Twp. of Scott, Pennsylvania*, 139 S. Ct. 2162 (2019), a decision concerning federal takings claims against a municipality, did not alter traditional principles of states' sovereign immunity in federal court. *See e.g.*, *Bay Point Props., Inc. v. Miss. Transp. Comm'n*,

937 F.3d 454, 456-57 (5th Cir. 2019); *see also Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1214 (10th Cir. 2019).

That same Eleventh Amendment immunity further bars federal courts from hearing state takings claims against the Commission that could otherwise be heard in state court. *See Atascadero St. Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985) ("in order for a state statute or constitutional provision to constitute a waiver of Eleventh Amendment immunity, it must *specify the State's intention to subject itself to suit in federal court*" (emphasis added)). Thus, because Shah cannot point to statutory or constitutional language in the Property Rights Act or Texas Constitution waiving Eleventh Amendment immunity, his state takings claims are similarly barred.

> ii. *Assuming Shah's takings claims were not barred by the Eleventh Amendment, Shah still has not pled viable claims.*

Even if the Eleventh Amendment did not bar Shah's takings claims in federal court, the Court nevertheless lacks jurisdiction over those claims for two reasons. First, Shah has not alleged facts supporting a viable takings claims. "To establish a takings claim under the Texas Constitution," a plaintiff must plead facts showing a governmental entity's (1) intentional acts (2) to take private property (3) for public use. *Harris Cty. Flood Control Dist. v. Kerr*, 499 S.W.3d 793, 799–803 (Tex. 2016). Allegations of a statutory takings claim under the Property Rights Act, similarly, require allegations that the government took affirmative, direct action impacting property rights, rather than allegations of nonfeasance. *See Tex. Gen. Land Off. v.*

*La Concha Condo. Assoc.*, No. 13-19-00357-CV, 2020 WL 2610934, at *8 (Tex. App.—Corpus Christi, May 21, 2020).

Whether the alleged acts constitute a taking is a question of law, and if the plaintiff does not plead a valid takings claim, the state agency retains its sovereign immunity from suit. *See Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 390 (Tex. 2011). Federal takings claims, similarly require there be "direct government appropriation or physical invasion of private property," in order to constitute a physical taking, *Lingle v. Chevron U.S.A., Inc.*, 544 U.S. 528, 537 (2005). Federal courts also recognize a regulatory taking when "regulations [ ] compel the property owner to suffer a physical 'invasion' of his property" or "where regulation denies all economically beneficial or productive use of land." *Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1015 (1992).

Here, Shah does not plead viable takings claim against the Commission, as he fails to include factual allegations that the Commission took any action at all, let alone took, damaged, or destroyed his property for a public use. Compl. at 4. In fact, he admits that he is "not aware of any maps, survey maps, permits or any other charts and documents issued by the Railroad Commission of Texas or any other government organization for these Tank Battery and Gas Flare operations." Compl., Ex. B. At most, Shah alleges sending correspondence to the Commission asking it to "shut" an "illegal operation" undertaken by others. Compl., Ex. D. Shah's true

gripe, then, relates to actions presumably taken by non-state actors. But as a matter of law, property taken for private use by non-state actors, rather than public use, is not a violation of the Takings clause of the Texas Constitution. *See Osburn v. Denton Cty.*, 124 S.W.3d 289, 293 (Tex. App.—Fort Worth 2003, pet. denied).

> ### iii. Shah's taking claims are subject to background property principles as defined in Texas law.

Next, Shah appears to suggest that Texas jurisprudence limiting the rights of surface owners in favor of the mineral estate violates his federal rights. But he cannot plead such federal violations because the scope of his property rights are subject to any pre-existing limitations in state property law. Under the federal constitution, property rights are established by state law, not federal law. *Lucas v. S.C. Coastal Council,* 505 U.S. 1003 (1992) (evaluating federal takings claim); *Simi Inv. Co. v. Harris Cty.*, 236 F.3d 240, 249–50 (5th Cir. 2000) (evaluating federal substantive due process claim). It follows that if state law so limits Shah's surface acreage rights, as he suggests in his Complaint,[4] he cannot allege a federal taking based on the pre-existing limitations of his property rights imposed under state law. *See Lucas*, 505 U.S. at 1028-29 (recognizing background principles of state property law exempt certain property limitations from takings claims); *U.S. v. St. Thomas Beach Resorts,*

---

[4] *See, e.g.*, *Coyote Lake Ranch, LLC v. City of Lubbock*, 498 S.W.3d 53, 60 (Tex. 2016) (recognizing the dominance of the mineral estate because it receives the benefit of the implied right of use of the surface estate).

*Inc.*, 386 F. Supp. 769, 772 (D. V.I. 1974), *aff'd mem.*, 529 F.2d 513 (3d Cir. 1975) (rejecting takings challenge to the Virgin Islands Open Shoreline Act).

### C. Shah lacks standing to claim an alleged injury in a private contractual dispute that does not involve the Commission.

To the extent Shah alleges any dispute at all, it is a private contractual matter that does not lie with the Commission. The Texas Supreme Court has recognized that the Commission cannot adjudicate issues of title or property rights when deciding drilling permits or related matters under its jurisdiction. *See, e.g.*, *Magnolia Petroleum v. Railroad Comm'n*, 170 S.W.2d 189, 191 (1943) (stating that questions of title or rights of possession must be settled in the courts). In the same vein, the Commission here cannot adjudicate or speak to Shah's and the Mineral Interest Defendants' respective rights. *See Getty Oil Co. v. Jones*, 470 S.W.2d 618, 623 (Tex. 1971) (discussing the face-intensive nature of disputes involving the accommodation doctrine).

Consequently, Shah has also failed to show he has standing to sue the Commission, as he has not suffered an "injury in fact" that is "fairly traceable" to the defendant's conduct, and that will "likely . . . be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *see Whitmore v. Arkansas*, 495 U.S. 149, 154-55 (1990). Shah does not identify any injury that was alleged to have been caused by the conduct of the Commission. Other than naming the Commission as a party and stating that he sent them correspondence

detailing his complaints against mineral interest owners, Shah alleges no specific facts regarding the Commission.

Because of these defects, the Commission is entitled to dismissal of Shah's claims, pursuant to Fed. R. Civ. P. 12(b)(1). There has not been a waiver of state sovereign immunity and no exceptions have been proven by Shah. In addition, Shah lacks standing to pursue claims against the Commission for private contractual matters in which his property interests are delineated under state law. Therefore, this Court does not have subject-matter jurisdiction over the claims brought against the Commission.

### III.    The Commission is entitled to dismissal under Rule 12(b)(2) because the Court lacks personal jurisdiction over this Texas agency.

To determine if it can exercise personal jurisdiction over a defendant, a federal court sitting in diversity conducts a two-step inquiry. *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998). First, the court must apply the forum's long-arm statute to see if it allows the extension of personal jurisdiction. *Id.* Second, the court must apply precepts of the Due Process clause of the Constitution. *Id.* In New Jersey, these two steps combine into one, because "the New Jersey long-arm statute permits the exercise of personal jurisdiction to the fullest limits of due process." *Id.*

As the plaintiff, Shah bears the burden of establishing the court's jurisdiction over the Commission to survive this Rule 12(b)(2) motion to dismiss for lack of

personal jurisdiction. *See Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004); *see also Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). Consequently, he must show "by a preponderance of evidence [that] personal jurisdiction is proper," *Cerciello v. Canale*, 563 F. App'x 924, 925 n.1 (3d Cir. 2014) (quoting *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992)), and "must establish . . . jurisdictional facts through sworn affidavits or other competent evidence." *Id.* (quoting *Miller Yacht Sales*, 384 F.3d at 101 n. 6). Yet Shah's pleadings and sworn affidavit fail to demonstrate personal jurisdiction exists over the Commission. Compl., Ex. B.

### A. The Court does not have general personal jurisdiction over the Commission, which operates and enjoys its jurisdiction in Texas.

Personal jurisdiction exists under two distinct theories: general jurisdiction, and claim-specific jurisdiction. *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001). Shah's affidavit fails to demonstrate that the Commission is subject to general jurisdiction in New Jersey because he has not shown the Commission's contacts with New Jersey are "continuous and systematic." *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Notably, general jurisdiction involves an affiliation that renders the defendant subject to suit in the forum even if the defendant's contacts with the forum state are not specifically related to the underlying cause of action. *See Provident Nat'l Bank v. Calif. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 438 (3d Cir. 1987). Such jurisdiction usually exists in an individual's state of domicile, a

corporation's state of incorporation, or a principal place of business. *See Daimler AG v. Bauman*, 571 U.S. 117 (2014).

Shah's pleadings and sworn affidavit here confirm the lack of general jurisdiction over the Commission in this forum. *See* Compl., Ex. B. Rather than asserting a "continuous" presence by the Commission in New Jersey, Shah admits the Commission is physically located in Austin, Texas, Compl. at 2, and that the Commission is the state agency in Texas with regulatory authority over the oil and gas industry. Compl. at 5. He further fails to demonstrate any "continuous or systematic" connection between the Commission and the state of New Jersey, *Int'l Shoe*, 326 U.S. at 317, nor can he. By statute, the Commission's jurisdiction is limited to oil and gas operations and operators in Texas. Tex. Nat. Res. Code § 81.051.

Shah also has not shown that the Commission "systematically" interacts with New Jersey in any manner whatsoever, whether by sending its agents to the state on business or targeting New Jersey to solicit business, market its services, or perform its agency functions. Having failed to provide any evidence to the contrary through his pleadings, affidavits, or exhibits, Shah has not satisfied minimum contacts between the Commission and the State of New Jersey and fails to establish general personal jurisdiction.

**B. The Court does not have specific personal jurisdiction over the Commission, which has no contacts in New Jersey relating to Shah's claims.**

Even if a plaintiff's general jurisdiction claims fail, as Shah's do here, courts can still extend personal jurisdiction to a defendant if the defendant maintained "claim-specific contacts with the forum." *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001); *Bristol-Myers Squibb Co. v. v. Superior Ct. of California, San Francisco Cty.,* 137 S. Ct. 1773, 1780 (2017), No. 16-466, 2017 U.S. LEXIS 3873, at *10 (Feb. 17, 2022). Specific jurisdiction applies where the plaintiff's cause of action arises out of or is related to the defendant's contacts with the forum state. *Pinker*, 292 F.3d at 368 (3d Cir. 2002).

A federal court can extend specific jurisdiction over a defendant only if the defendant's contacts satisfy Due Process clause requirements. *See In re Real Estate Title & Settlement Servs. Antitrust Litig.*, 869 F.2d 760, 766 n.6 (3d Cir. 1989). These requirements are constitutionally met when the defendant has sufficient "minimum contacts" with the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting *Int'l Shoe*, 326 U.S. at 316).

To examine whether specific-claim jurisdiction exists via minimum contacts, courts in the Third Circuit generally engage in a three-pronged analysis, proliferated by *Burger King Corp. v. Rudzewicz*, 471 U.S. at 463 and its progeny:

(1) Defendant's activities must be purposefully directed at the forum;
(2) Plaintiff's claims must arise out of or relate to at least one of those specific activities; and
(3) the assertion of jurisdiction must be reasonable or otherwise comport with fair play and substantial justice.

*See also Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007).

Shah's pleadings and evidence demonstrate that the first two factors do not support exercising specific jurisdiction over the Commission. Defendants "purposefully direct" their activities towards a forum state if their contacts with the forum "proximately result from actions" taken by the defendant. *Burger King* at 475. Additionally, a defendant "purposefully directs" their activities towards a forum state where it "deliberately" engages in significant activities within a forum or creates "continuing obligations" between herself and the residents of the forum. *Id.*; *see also Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 (1984).

Shah does not plead any facts about any Commission activities, let alone suggest that the Commission "deliberately" engaged in significant agency activities or actions in New Jersey or created "continuing obligations" for itself there. In fact, he admits that the Commission issued no permits or approval documents regarding certain oil and gas equipment that he alleges is on his surface estate. Compl., Ex. B. And while he attaches to his petition letters he sent to the Commission, and one email with Commission staff, that correspondence was initiated by Shah and then sent to the Commission and its staff *in Texas.* Compl., Ex. D, E, F.

Furthermore, Shah's real property and takings claims cannot be characterized as arising from any correspondence he sent to the Commission, which merely complained about the purportedly ongoing interference with property located, again, in Texas. The Commission never took actions in New Jersey to "proximately" affect their non-existent contacts with the state. This Court cannot exercise specific-claim personal jurisdiction based on those pretenses.

With regard to the third prong of the *Burger King* analysis, which considers whether exercising specific jurisdiction is "reasonable" and comports with "fair play and substantial justice," all relevant considerations[5] counsel against allowing this case to proceed in New Jersey. *See* 471 U.S. at 477.

It is a heavy burden on the Commission, and taxpayer dollars, to litigate lawsuits in a forum where the claims do not arise, as it will require substantial agency and attorney resources to litigate Texas issues in a state thousands of miles away with no connection to the claims. Indeed, the only apparent New Jersey connection here is that a New Jersey resident filed the lawsuit. Otherwise, Shah's own affidavit emphasizes that the suit concerns real property in Texas, events

---

[5] Courts in "appropriate cases" may evaluate (1) the burden on the defendant [to litigate in the relevant forum]; (2) the forum State's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining convenient and effective relief; (5) the interstate judicial system's interest in obtaining the most effective relief; (6) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (7) the shared interest of the several States in furthering substantive social policies. *Burger King,* 471 U.S. at 477; *see also World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980).

occurring in Texas, and Texas law. Compl., Ex. B. Therefore, Shah can only achieve convenient and effective relief in Texas, as a New Jersey court cannot conveniently or effectively provide relief for a solely Texan matter. Factors concerning interstate judicial interests also favor the Commission, as the most convenient, effective, and swift resolutions of Shah's alleged controversies would not occur in New Jersey. *See Burger King*, 471 U.S. at 477 (discussing interstate judicial interest factors 4-7).

The Complaint does not allege any continuous or ongoing contacts by the Commission with the State of New Jersey, nor does Shah allege any connection between his claims and any act or activity by the Commission in the forum state. Compl. at 4 and 6. Because Shah has not demonstrated a prima facie case of personal jurisdiction over the Commission, this suit must be dismissed in accordance with Fed. R. Civ. P. 12(b)(2). *See Kennedy v. Help at Home, LLC*, 731 Fed. App'x 105 (3d Cir. 2018) (affirming dismissal of claims where defendant did not do business in and was not shown to have directed any conduct at the forum state); *Marten v. Godwin*, 499 F.3d 290, 299 (3d Cir. 2007) (citing *IMO Indus. v. Kiekert* AG, 155 F.3d 254, 264(3d Cir.1998) (plaintiff feeling brunt of harm in a state not enough to establish personal jurisdiction if defendant did not aim its conduct there).

**IV.   The Commission is entitled to dismissal under Rule 12(b)(6) for failure to state a claim because Shah fails to allege plausible claims.**

Shah purports to bring takings and due process claims under the Fifth and Fourteenth Amendments to the United States Constitution as well as various "Texas Real [r]eal property laws." Compl. at 3, 4. But even the most liberal reading of the Complaint demonstrates that Shah has not alleged plausible claims against the Commission. Rather than pleading facts that show a probable right to relief on his claims, Shah seemingly argues that the Commission should insert itself into whatever private property disputes he alleges with third parties. Shah's claims as to the Commission should be dismissed.

When analyzing a Rule 12(b)(6) motion, the district court conducts a three-part analysis. *Marlboro Twp. Bd. of Educ. v. H.L.*, 18-12053, 2019 WL 1877394 (D.N.J Apr. 26, 2019). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must accept as true a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff, while disregarding any conclusory allegations proffered in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Finally, the court must determine whether the "facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). "[W]here the well-

pleaded facts do not permit the court to infer more than mere possibility of misconduct," the claim is insufficient. *Iqbal*, 556 U.S. at 679.

While a "pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), "a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because [he] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted). Thus, as a pro se litigant, Shah "still must allege sufficient facts in [his] complaint[] to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

Shah makes brief reference to various claims in his Complaint, including trespass, unauthorized use, fraud, negligence, statutory takings, and constitutional violations. Compl. at 4. Shah does not specify which claims apply to which Defendants, but even assuming he is asserting these constitutional violations and Texas property claims against the Commission, and that they are not barred by immunity as outlined above, Shah's pleadings are inadequate.[6]

Trespass is "an unauthorized entry upon the land of another, and may occur when one enters—or causes something to enter—another's property." *Barnes v.*

---

[6] As discussed *infra*, the Commission enjoys Eleventh Amendment immunity from all of Shah's claims in federal court.

*Mathis*, 353 S.W.3d 760, 764 (Tex. 2011). In order for a plaintiff to establish a trespass, he must provide facts to show lack of consent or authorization as an element of the cause of action. *Envtl. Processing Sys., L.C. v. FPL Farming Ltd*., 457 S.W.3d 414, 425 (Tex. 2015). Shah does not specify a statutory basis for his "unauthorized use" claims, but such allegations would presumably follow the same analysis. *See, e.g.*, *Rinaldo v. RNR Inv., LLC*, 387 N.J. Super. 387, 394 (App. Div. 2006) (treating third party entry without consent as an actionable claim for trespass). Shah, however, does not set forth facts to show the Commission trespassed onto his property or used it in an unauthorized manner. He provides no allegations that the Commission has entered his property without authorization. In fact, Shah wrote to the Commission to request an investigation into events occurring on his property. Compl., Ex. D. Shah's trespass claim is not viable.

Nor has Shah alleged any facts regarding any elements of a fraud claim. Shah provides no allegations that the Commission made material, false representations to Shah that were known to be false or made recklessly and without knowledge of the truth, that the Commission intended for Shah to act on the representation, that Shah relied on the representation, or that the representation caused Shah injury. *See Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)(discussing common law elements of fraud in Texas).

Shah's negligence claim fares no better. He does not assert—let alone substantiate with factual allegations—that the Commission owed a duty to Shah, that it breached that duty, or that he suffered damages proximately caused the Commission's breach. *See Rodriguez-Escobar v. Goss*, 392 S.W.3d 109, 113 (Tex. 2013). At most, Shah has alleged that he owns real property in Reeves County, Texas, that he has not authorized certain oil and gas equipment on his surface estate, and that he is "extremely concerned" and "worried" about the effects of the Mineral Estate Defendants' oil and gas operations. Compl., Ex. B.

Shah also claims a violation of due process under the Fourteenth Amendment. Compl. These constitutional claims are barred by sovereign immunity, unless they are shown to be factually viable. *Klumb v. Houston Mun. Emps. Pension Sys.*, 458 S.W.3d 1, 13 (Tex. 2015); *see also Andrade v. NAACP of Austin*, 345 S.W.3d 1, 11 (Tex. 2011). Shah has not plead a viable claim against the Commission, as any interference with his property interests results from the action of third-parties, not the Commission. A plaintiff alleging a due process violation "must have a liberty or property interest that is entitled to constitutional protection," and that "constitutionally protected right must be a vested right." *Tex. Educ. Agency v. Am. YouthWorks, Inc.*, 496 S.W.3d 244, 260 (Tex. App.—Austin 2016), aff'd, 555 S.W.3d 54 (Tex. 2018). But the Due Process clause does not require the State to

protect the property of its citizens against invasion by private actors. *Hickerson v. New Jersey*, No. 08-1033AET, 2009 WL 3296529, at \*4 (D.N.J. Oct. 13, 2009).

As already discussed in Section II, to the extent Shah raises viable disputes regarding the scope of his surface estate rights against the severed mineral estate owner or operator, it is a private, contractual dispute that cannot be heard or decided by the Commission—any process due lies with the courts. *See Magnolia Petroleum*, 170 S.W.2d at 191 (stating that questions of title or rights of possession are questions for the court and not the Commission). The Commission simply cannot adjudicate a dispute regarding respective property interests. Consequently, Shah does not allege any actions taken by the Commission that amount to a violation of his property interest. Shah admits that the mineral estate has been recognized as dominant by the Texas Supreme Court further shows that the Commission lacks jurisdiction over his dispute. *See* Compl., Ex. F; *see Coyote Lake Ranch at* 60 (Tex. 2016). Therefore, Shah does not have a viable Fourteenth Amendment claim.

Because Shah's Complaint is devoid of any allegations regarding the Commission taking action with respect to his property, he also has not sufficiently alleged constitutional or statutory takings claims, even under the more lenient standards applicable to pro se litigants. As addressed in Section II and incorporated herein for purposes of dismissal under Rule 12(b)(6), Shah fails to allege any facts showing the Commission engaged in intentional acts to take or damage his private

property for a public use. *See Kerr*, 499 S.W.3d 799-803 (discussing Texas constitutional takings claim elements); *see also La Concha*, 2020 WL 2610934, at *8 (discussing necessity for affirmative, direct state action to support Texas statutory takings claim); *and see Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063, 2071-72 (2021) (discussing the government's appropriation or regulation of property as an element of federal takings).

Shah's real complaint concerns the purported actions of others; he cannot support a takings claim against the Commission on that basis, nor on any alleged inaction by the agency. Accordingly, Shah's claims against the Commission must be dismissed for the additional reason that he fails to state a claim under Federal Rule of Civil Procedure 12(b)(6).

**V.    The Commission seeks dismissal of Shah's claims against it for the reasons stated above. Nevertheless, should the Court not dismiss the Complaint based on those grounds, dismissal is still appropriate because Shah filed this suit in an improper venue under Rule 12(b)(3).**

Federal Rule of Civil Procedure 12(b)(3) allows for dismissal if a plaintiff's choice of venue is improper. Venue is improper here because Shah's venue choice does not satisfy 28 U.S.C. § 1391(b)(2). In a suit where jurisdiction is based on diversity of citizenship, a plaintiff may bring a civil action in the following jurisdictions:

(1) a judicial district in which any defendant resides, if all defendants reside in the same state;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; **or**

(3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced if there is no district in which the action may otherwise be brought.

28 U.S.C. §§ 1391(b)(1)-(3)(emphasis added); *see, e.g., Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 160 (3d Cir. 2012).

First, § 1391(b)(1) does not apply, as all defendants reside in different states: one in New York, another in Delaware, and the Commission in Texas. Compl. at 2.

Turning to the second prong, Shah fails to satisfy § 1391(b)(2), as all alleged substantial events and claims occurred in Reeves County, Texas, where the property that is the subject of this complaint is located—not New Jersey. The 3rd Circuit held in *Cottman Transmission Sys., Inc. v. Martino* that, when determining whether a substantial part of the events or omissions giving rise to a cause of action occurred in a specific jurisdiction, "the test . . . is not the defendant's contacts with a particular district, but rather the location of those events or omissions giving rise to the claim." 36 F.3d 291, 294 (3d Cir. 1994). This fact also favors a finding of improper venue because the Third Court has determined that § 1391(b)(2) favors the defendant in a venue dispute by "requiring the events or omissions supporting a claim be substantial," and that "[s]ubstantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to

the dispute." *Id.*; *see Leroy v. Great W. United Corp.*, 443 U.S. 173, 183-84 (1979) (concluding that § 1391's purpose is "to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial").

The Third Circuit has further clarified that the substantiality analysis relevant in determining proper venue is even more stringent than the minimum contacts test employed in determining if personal jurisdiction exists. *Bockman*, 459 F. App'x at 162. Notably, "[o]nly the events that *directly give rise to a claim are relevant* . . . [and] of the places where the events have taken place, only those locations hosting a *substantial part of the events* are to be considered." *Bockman*, 459 F. App'x at 162.

All of Shah's allegations center around actions taken in Texas, all properties and locations hosting a "substantial" part, if not all of the events are in Texas, and all events "material" or that "directly give rise" to the claims occurred in Texas. Compl. at 1-4. Nothing in the Complaint shows § 1391(b)(2) is satisfied with venue in New Jersey. Moreover, a finding for Shah on § 1391(b)(2) here would violate efforts to "protect the defendant against the risk that plaintiff . . . select[s] an *unfair or inconvenient place of trial*," as all defendants are physically located in Texas, Delaware, and New York and have no presence in New Jersey. The defendants would be forced to litigate alleged violations of Texas law—associated with a Texas property—in a New Jersey forum. *Bockman*, 459 F. App'x at 162 (emphasis added); *see also Leroy*, 443 U.S. at 183-84. Based on the above, § 1391(b)(2) is not satisfied.

Finally, § 1391(b)(3) is not applicable because the proper district for this suit lies in Texas, as previously established in accordance with § 1391(b)(2). 28 U.S.C. § 1391(b)(3) provides that there should be no other district where this action "may otherwise be brought," which nullifies Shah's choice of New Jersey venue. Based on the above analysis of § 1391(b)(2), Shah should have brought his claims in Texas as he pleads that all alleged events and actions associated with his claims occurred there, and the property at issue lies within that state. Compl. at 4, Ex. B, D-F. Shah erred when he brought his claims in New Jersey, and his error warrants dismissal pursuant to Fed. R. Civ. P. 12(b)(3).

## VI.    Conclusion

Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6), the claims against the Commission should be dismissed for lack of subject-matter jurisdiction, lack of personal jurisdiction, and failure to state a claim. In the alternative, the Commission asks the Court to dismiss the claims against it for lack of proper venue under Federal Rule of Civil Procedure 12(b)(3).

Dated: March 11, 2022

Respectfully submitted,

Office of the Attorney General of Texas
P.O. Box 12548, MC-030
Austin, Texas 78711-2548
(512) 475-1205

By: *s/ Shannon Ryman*
SHANNON RYMAN
Assistant Attorney General
shannon.ryman@oag.texas.gov

Office of the Attorney General of Texas
Environmental Protection Division
P.O. Box 12548, MC-066
Austin, Texas 78711-2548
(512) 463-2012

AMY M. RODRIGUEZ
Assistant Attorney General
Amy.Rodriguez@oag.texas.gov
*Admitted pro hac vice*

SHELLY M. DOGGETT
Assistant Attorney General
Shelly.Doggett@oag.texas.gov
*Admitted pro hac vice*

***Attorneys for the***
***Railroad Commission of Texas***