OFFICE OF THE ATTORNEY GENERAL OF TEXAS
Shannon Ryman (NJSB #27442007)
Assistant Attorney General
P.O. Box 12548, MC-030
Austin, Texas 78711-2548
(512) 475-1205
shannon.ryman@oag.texas.gov

*Attorney for Defendant*
*Railroad Commission of Texas*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PETER I. SHAH, <br><br> *Plaintiff,* <br><br> v. <br><br> MAPLE ENERGY HOLDINGS, LLC; RIVERSTONE HOLDINGS, LLC; RAILROAD COMMISSION OF TEXAS, <br><br> *Defendants.* | Civil Action No. 3:21-cv-20791-FLW-TJB <br><br> HON. TONIANNE J. BONGIOVANNI <br><br> Return Date: April 18, 2022 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANT RAILROAD COMMISSION OF TEXAS TO DISMISS COMPLAINT

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................. i

TABLE OF AUTHORITIES .......................................................................... ii

I. The Court should reject Shah's Response and treat the Commission's Motion to Dismiss as unopposed because Shah filed his Response late and without leave. In the alternative, the Court should adjourn the matter to a later return date to allow for consideration of the Commission's Reply. ........................................................................................................ 1

II. Shah's Response fails to address the Commission's reasons why his Complaint should be dismissed. .............................................................. 2

    A. The Commission is protected against Shah's claims by Eleventh Amendment immunity. ............................................................................ 3

        i. There are no applicable exceptions to or waivers of the Commission's Eleventh Amendment immunity. ............................ 4

        ii. The Commission is entitled to sovereign immunity against Shah's takings claims. .................................................................................. 6

    B. Shah lacks standing in his claims against the Commission as this is a private contractual dispute that does not involve the Commission. ...... 7

    C. Shah does not allege facts supporting personal jurisdiction over the Commission or proper venue in New Jersey. ......................................... 8

III. Shah fails to address how he has alleged any claim under Rule 12(b)(6). ................................................................................................................ 10

IV. Conclusion ............................................................................................... 12

CERTIFICATE OF SERVICE .................................................................... 14

## TABLE OF AUTHORITIES

**Cases**

*Andrade v. NAACP of Austin*,
　345 S.W.3d 1 (Tex. 2011)...............................................................................11

*Bay Point Props., Inc. v. Miss. Transp. Comm'n*,
　937 F.3d 454 (5th Cir. 2019) .......................................................................6, 7

*Bennett v. City of Atlantic City*,
　288 F. Supp.2d 675 (D.N.J. 2003)..................................................................4

*Burger King Corp. v. Rudzewicz*,
　471 U.S. 462 (1985)........................................................................................9

*Can. Hockey, L.L.C. v. Tex. A&M Univ. Athletic Dep't*,
　No. 20-20503, 2022 WL 445172 (5th Cir. Feb. 14, 2022)..............................6

*Cedar Point Nursery v. Hassid*,
　141 S. Ct. 2063 (2021)..................................................................................12

*Cmty. Hous. Improvement Prog. v. City of New York*,
　492 F. Supp.3d 33 (E.D.N.Y. 2020) ...............................................................6

*Devillier v. State of Texas*,
　No. 3:20-CV-00223, 2021 WL 3889487 (S.D. Tex. July 30, 2021) ..............5

*Envtl. Processing Sys., L.C. v. FPL Farming Ltd.*,
　457 S.W.3d 414 (Tex. 2015)........................................................................10

*Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*,
　51 S.W.3d 573 (Tex. 2001)..........................................................................10

*Ex parte Young*,
　209 U.S. 123 (1908)........................................................................................4

*Fitchik v. N.J. Transit Rail Operations, Inc.*,
　873 F.2d 655 (3d Cir. 1989) ...........................................................................3

*Frew v. Hawkins*,
　540 U.S. 431 (2004)........................................................................................5

*Harris Cty. Flood Control Dist. v. Kerr*,
  499 S.W.3d 793 (Tex. 2016)...................................................................................11

*Hickerson v. New Jersey*,
  No. 08-1033AET, 2009 WL 3296529 (D.N.J. Oct. 13, 2009) ............................11

*Klumb v. Houston Mun. Emps. Pension Sys.*,
  458 S.W.3d 1 (Tex. 2015).....................................................................................11

*Knick v. Township of Scott, Pennsylvania*,
  139 S. Ct. 2162 (2019)............................................................................................6

*Magnolia Petroleum v. Railroad Comm'n*,
  170 S.W.2d 189 (1943)..........................................................................................8

*Mala v. Crown Bay Marina, Inc.*,
  704 F.3d 239 (3d Cir. 2013) ................................................................................10

*Miller Yacht Sales, Inc. v. Smith*,
  384 F.3d 93 (3d Cir. 2004) ....................................................................................8

*Pennhurst State Sch. & Hosp. v. Halderman*,
  465 U.S. 89 (1984).............................................................................................4, 5

*Pinker v. Roche Holdings Ltd.*,
  292 F.3d 361 (3d Cir. 2002) ..................................................................................8

*Rodriguez-Escobar v. Goss*,
  392 S.W.3d 109 (Tex. 2013)................................................................................11

*Tex. Educ. Agency v. Am. YouthWorks, Inc.*,
  496 S.W.3d 244 (Tex. App.—Austin 2016), aff'd, 555 S.W.3d 54
  (Tex. 2018)...........................................................................................................11

*Tex. Gen. Land Office v. La Concha*,
  No. 13-19-00357-CV, 2020 WL 2610934 Tex. App.—Corpus
  Christi May 21, 2020, no pet.).............................................................................12

*U.S. Oil Recovery Site PRP Grp. v. R.R. Comm'n of Tex.*,
  898 F.3d 497 (5th Cir. 2018) ............................................................................3, 4

*Va. Office for Prot. & Advocacy v. Stewart*,
  563 U.S. 247 (2011)...............................................................................................5

*Welch v. Texas Dep't of Highways & Pub. Transp.*,
    483 U.S. 468 (1987)...............................................................................................3

*Whitmore v. Arkansas*,
    495 U.S. 149 (1990)...............................................................................................7

*Williams v. Utah Dep't of Corr.*,
    928 F.3d 1209 (10th Cir. 2019) .............................................................................6

**Statutes**

28 U.S.C. § 1391(b)(2)................................................................................................9

Tex. Gov't Code ch. 325 .............................................................................................3

Tex. Gov't Code §§ 2007.001–.045 .......................................................................4, 7

Tex. Nat. Res. Code § 81.01001(a)............................................................................3

Tex. Nat. Res. Code § 81.051 ....................................................................................3

Tex. Nat. Res. Code § 81.051(a)................................................................................8

**Rules**

Fed. R. Civ. P. 12(b)(1)............................................................................................12

Fed. R. Civ. P. 12(b)(2)............................................................................................12

Fed. R. Civ. P. 12(b)(3)............................................................................................12

Fed. R. Civ. P. 12(b)(6)............................................................................................12

Loc. Civ. R. 7.1 ...........................................................................................................1

Loc. Civ. R. 7.1(d) ......................................................................................................1

Loc. Civ. R. 7.1(d)(2)..................................................................................................2

Loc. Civ. R. 7.1(d)(5)..................................................................................................1

Loc. Civ. R. 7.1(d)(7)............................................................................................2, 12

Loc. Civ. R. 78.1 .........................................................................................................1

Defendant Railroad Commission of Texas ("RRC" or the "Commission") files this reply requesting that the Court reject *pro se* Plaintiff Peter I. Shah's ("Shah") Response to RRC's Motion to Dismiss Complaint and consider the Motion unopposed, as Shah's Response was filed late and does not comply with New Jersey Local Civil Rule 7.1(d)(5). Alternatively, the Commission requests that the Court adjourn the motion date in this case to a later date and consider this reply filed by the Commission within 7 days of Shah's Response, and any timely-filed supplement. In support thereof, RRC states as follows:

**I.   The Court should reject Shah's Response and treat the Commission's Motion to Dismiss as unopposed because Shah filed his Response late and without leave. In the alternative, the Court should adjourn the matter to a later return date to allow for consideration of the Commission's Reply.**

Shah filed his response eight days late, on April 12, 2022. RRC filed its Notice of Motion to Dismiss and Memorandum of Law in Support on March 11, 2022, with a motion date of April 18, 2022. Doc. 19, 19-1. Pursuant to Local Civil Rules 7.1 and 78.1, Shah's response was due 14 days before the motion day—on April 4—which then set RRC's reply date as April 11. *See* Loc. Civ. R. 7.1(d)(5).

Shah did not timely file his response, nor did he request or receive an extension. While Local Civil Rule 7.1(d) provides for an automatic extension without the consent of the movant, it requires that the opposing party file with the Clerk, and serve upon all other parties, a letter stating that the originally noticed motion day has not previously been extended or adjourned and invoking the

1

provisions of that rule before the date on which opposition papers would otherwise be due under Local Civil Rule 7.1(d)(2). The letter must further set forth the new motion day, which shall be the next available motion day following the originally noticed date. No such letter has been filed with the Clerk or served on RRC. Therefore, Shah did not receive an automatic extension, and the Court may reject the response and treat the Commission's motion as unopposed. *See* Loc. Civ. R. 7.1(d)(7) ("The Court may reject any brief or other paper not filed within the time specified.").

Alternatively, the Commission requests that the Court adjourn this matter to the next hearing date of May 2, 2022, and consider this Reply and any supplemental reply from the Commission filed up to and including April 25, 2022, if it so chooses.

## II. Shah's Response fails to address the Commission's reasons why his Complaint should be dismissed.

Shah's Response consists largely of block quotes copied from cases and constitutional sources and general, conclusory statements that do not respond to the pleading failures specifically raised by the Commission. When he does attempt to address the Commission's arguments, however, the cited authorities are either inapposite or easily distinguishable. Shah claims that Eleventh Amendment immunity does not apply to RRC as he believes it is a "semi Texas government agency," Pl.'s Resp. at 11, but a federal court has already found otherwise. *See U.S. Oil Recovery Site PRP Grp. v. R.R. Comm'n of Tex.*, 898 F.3d 497, 502 (5th Cir.

2018) (finding Commission is a state agency under Texas law entitled to immunity). This assertion is inconsistent with Shah's taking claim. Shah further claims he is due compensation for takings of his property and seeks monetary damages, Pl.'s Resp. at 24, state sovereign immunity remains a bar. Finally, Shah seeks to convince the Court that New Jersey is the proper venue for this action, despite stating repeatedly that the actions, injuries, and property at issue are located in Texas. Pl.'s Resp. at 24-25.

    **A.    The Commission is protected against Shah's claims by Eleventh Amendment immunity.**

The Commission is a Texas state agency regulating oil and gas operations in Texas. Tex. Nat. Res. Code § 81.051; *see also* Tex. Nat. Res. Code § 81.01001(a) (identifying the Commission as state agency subject to Tex. Gov't Code ch. 325). There is no question under federal case law that Eleventh Amendment immunity extends to state agencies that are an arm of the state. *Welch v. Texas Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 476 (1987); *see also Fitchik v. N.J. Transit Rail Operations, Inc.*, 873 F.2d 655, 658 (3d Cir. 1989) (finding state agency entitled to Eleventh Amendment immunity in federal court). Despite Shah's self-serving and unsubstantiated "chart" of factors supposedly indicating the Commission is not entitled to immunity, *see* Pl.'s Resp. at 16-17, federal jurisprudence has already held that the state sovereign immunity, sometimes referred to as Eleventh Amendment, protects the Commission from suit in federal court. *See U.S. Oil Recovery Site PRP*

*Grp. v. R.R. Comm'n of Tex.*, 898 F.3d at 502 (finding Commission is a state agency under Texas law entitled to immunity).The Court lacks subject-matter jurisdiction over Shah's claims for monetary damages against the Commission due to state immunity. *See Bennett v. City of Atlantic City*, 288 F. Supp.2d 675, 679-80 (D.N.J. 2003). As Shah continues to seek monetary damages through his suit, Pl.'s Resp. at 24, the Eleventh Amendment bars such claims against the Commission. *Bennett*, 288 F. Supp. 2d at 681.

> i. *There are no applicable exceptions to or waivers of the Commission's Eleventh Amendment immunity.*

Shah appears to claim an exception to the Commission's Eleventh Amendment immunity under *Ex parte Young*, 209 U.S. 123 (1908). Pl.'s Resp. at 17-18. But *Ex parte Young* applies only to suits seeking prospective injunctive relief against state officials acting within their official capacities. *Ex parte Young*, 209 U.S. at 166-68. Here, Shah did not plead this cause of action, nor did he sue any state official. Moreover, even if Shah were to amend his claims, *Ex parte Young* allows solely for prospective injunctive relief, not the retrospective monetary damages that Shah seeks. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02, 101 n. 11 (1984).

To the extent Shah continues to rely on purported violations of state law in his petition for monetary damages, such as the Texas Private Real Property Rights Preservation Act, Tex. Gov't Code §§ 2007.001–.045 ("Property Rights Act") and

4

other state property claims, Pl.'s Resp. at 21 and 24, *Ex parte Young* is not applicable. The *Ex parte Young* doctrine permits suits against state officials in federal court to enjoin ongoing violations of federal law. *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 255 (2011); *Frew v. Hawkins*, 540 U.S. 431, 437 (2004). Concerns about promoting the supremacy of federal law, which serve as the basis for *Young's* intrusion into state immunity, are absent in suits where the defendant is accused of no federal violation. *See Pennhurst State Sch. v. Halderman*, 465 U.S. 89, 92, 105-06 (1984). For this reason, federal courts lack authority to order state officials to comply with *state* law. *Pennhurst*, 465 U.S. at 106.

Shah suggests this matter is "similar" to *Devillier v. State of Texas*, No. 3:20-CV-00223, 2021 WL 3889487 (S.D. Tex. July 30, 2021), *appeal filed*, No. 21-40750 (5th Cir. March 30, 2022), but that case is neither similar nor helpful. Pl.'s Resp. 23-24. In *Devillier*, the Southern District of Texas ruled that property owners could not sue a state, state agency, or state actor under 42 U.S.C. § 1983 claim for a taking. 2021 WL 3889487, at *5. While they were ultimately allowed to proceed directly on their constitutional takings claims against the State in federal court, it was only because the State had waived its Eleventh Amendment immunity by voluntarily removing the suit from state to federal court. *Id.* at 5 ("Virtually the only time a takings claim against a state ends up in federal court is when a state waives its Eleventh Amendment immunity by removing a lawsuit to federal court. . . . That is

5

exactly what occurred here."). The Commission, on the other hand, has not waived such immunity, and invokes its protection in this case.

>    ii.    *The Commission is entitled to sovereign immunity against Shah's takings claims.*

Shah claims that the Texas Constitution provides provide a waiver of immunity in takings cases. Pl.'s Resp. 23-24. However, the Commission retains immunity for federal and state takings claims raised in federal court. *See, e.g.*, *Can. Hockey, L.L.C. v. Tex. A&M Univ. Athletic Dep't*, No. 20-20503, 2022 WL 445172, at *8-9 (5th Cir. Feb. 14, 2022) (The Texas Constitution does not waive state sovereign immunity for federal claims).

Shah points to *Knick v. Township of Scott, Pennsylvania*, 139 S. Ct. 2162 (2019) as support for his claims for compensation. Pl.'s Resp. at 19. However, "nothing in *Knick* alters these bedrock principles of sovereign immunity law." *Bay Point Props., Inc. v. Miss. Transp. Comm'n*, 937 F.3d 454, 455 (5th Cir. 2019); *see Cmty. Hous. Improvement Program v. City of New York*, 492 F. Supp.3d 33, 39-41 (E.D.N.Y. 2020) (surveying decisions from the Fourth, Fifth, Ninth, and Tenth Circuits holding the Eleventh Amendment barred takings claims against states in federal court). As explained in other circuits, *Knick* concerned a suit against a locality, so the Court did not even address Eleventh Amendment immunity for states. *See id.*; *see also Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1214 (10th Cir. 2019). Consequently, *Knick* did not change Eleventh Amendment immunity analysis

6

for takings claims brought in federal court against a state. Rather, *Knick* did away with the requirement that property owners must pursue state procedures to obtain compensation before bringing a federal suit; but it did not do away with the prerequisite that suits against states in federal court, like suits against the federal government, require a waiver of sovereign immunity. *Bay Point Props.*, 937 F.3d at 455. Shah is incorrect in arguing that his takings claims are not barred due to constitutional or statutory waivers of immunity.[1]

### B. Shah lacks standing in his claims against the Commission as this is a private contractual dispute that does not involve the Commission.

Because Shah has not suffered an "injury in fact" that is "fairly traceable" to the defendant's conduct, and that will "likely . . . be redressed by a favorable decision," Shah has failed to show he has standing to sue the Commission. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992); *see Whitmore v. Arkansas*, 495 U.S. 149, 154-55 (1990). Shah fails to allege any underlying violation of federal law caused by the Commission's alleged actions. Resp. at 24.

As to his complaints regarding permits, Shah cannot identify whether the Commission has approved permits for either the Maple or Riverstone Defendants. Resp. at 21. And even if the Commission did issue permits, Commission permits merely remove regulatory bars to drilling once a party has shown a good faith claim

---

[1] Shah's Complaint asserts state and federal constitutional takings claims and a statutory takings claims under the Texas Private Real Property Rights Preservation Act, Tex. Gov't Code §§ 2007.001–.045 ("Property Rights Act"). All are barred.

7

to develop the property through a mineral lease or deed. Here, Shah does not dispute that leases already exist, instead contends that that Maple defendants do not comply with the leases, or, alternatively, that the leases give Texas mineral interest owners too many rights. None of these complaints identify any injury alleged to have been caused by any conduct of the Commission.

For this reason, Shah's injuries are not redressable by suit against the Commission, but through a private contractual dispute between private parties. *See, e.g.*, *Magnolia Petroleum v. Railroad Comm'n*, 170 S.W.2d 189, 191 (1943) (stating that questions of title or rights of possession must be settled in the courts).

### C. Shah does not allege facts supporting personal jurisdiction over the Commission or proper venue in New Jersey.

Shah claims it is unclear why personal jurisdiction is at issue with respect to the Commission. Pl.'s Resp. at 24. However, as the Plaintiff, Shah bears the burden of establishing this New Jersey court's jurisdiction over a Texas state agency. *See Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004); *see also Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). Even taking all non-conclusory allegations in Shah's complaint as true,[2] Shah fails to establish that the

---

[2] *See, e.g.*, Pl.'s Resp. at 31, "FACTUAL details" (listing conclusory statements that "All Defendants are engaged" in various violations of the law and Shah's constitutional rights and that unnamed "Defendants" have built a tank battery operation on his land without authorization; indeed, Shah's sole, targeted reference to the Commission as having "[s]ole jurisdiction for all oil and gas operations" is incorrect as a matter of law, as the Commission's jurisdiction is limited to Texas. Tex. Nat. Res. Code § 81.051(a).

8

Commission did anything more than regulate oil and gas operations *in Texas*; he certainly has not alleged that the Commission has any ties to New Jersey. Shah's pleadings fail to demonstrate general or specific personal jurisdiction exists over the Commission, as briefed in the Commission's Motion to Dismiss.

Shah's Response also fails to explain how venue is proper in New Jersey, rather than Texas, under 28 U.S.C. § 1391(b)(2). Shah does not even attempt to address the three prongs of section 1391(b)(2) regarding venue, instead summarily concluding that the factors from *Burger King Corp. v. Rudzewicz,* 471 U.S. 462 (1985)—which he does not analyze—weigh in favor of New Jersey venue. But the proper venue under section 1391 for Shah's claims is Texas, as he pleads that all alleged events and actions associated with his claims occurred there, and admits that none of the Defendants are located or incorporated in New Jersey. Resp. at 4, 29.

What's more, Shah acknowledges that the land at issue is located in Texas, and he repeatedly references the relevance of Texas law to this dispute, stating, for example, "this is a Texas case, derived completely by the business policy of the State of Texas." Pl.'s Resp. at 24. *See also* Pl.'s Resp. at 9-10 (referencing historical oil and gas development in Texas and taking issue with certain purported decisions of "Texas Courts"). Despite all of the ties to Texas, Shah claims he cannot bring his violations regarding real property rights pertaining to oil and gas leases in those courts because they would purportedly be unfavorable to his position. Pl.'s Resp.

9

at 10. But Shah is incorrect; Texas is the only appropriate venue in this Texas-based dispute.

**III.    Shah fails to address how he has alleged any claim under Rule 12(b)(6).**

Shah has not set forth any facts in his reply that would support viable claims against the Commission. Although he is a pro se litigant, Shah "still must allege sufficient facts in [his] complaint[] to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). Assuming Shah is asserting constitutional violations and Texas property claims against the Commission, and that they are not barred by immunity as outlined above, his pleadings are inadequate.

As briefed in the Commission's motion to dismiss, Shah has not set forth facts to show the Commission trespassed onto his property or used it in an unauthorized manner. *See Envtl. Processing Sys., L.C. v. FPL Farming Ltd.*, 457 S.W.3d 414, 425 (Tex. 2015)(discussing elements of trespass). Shah's trespass and unauthorized use claims are not viable. Shah provides no allegations that the Commission made material, false representations to Shah that were known to be false or made recklessly and without knowledge of the truth, that the Commission intended for Shah to act on the representation, that Shah relied on the representation, or that the representation caused Shah injury. *See Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)(discussing common law elements of fraud in Texas). Therefore, Shah's fraud claims are not viable. Shah's negligence claim is

not viable as he does not set forth facts that the Commission owed a duty to Shah, that it breached that duty, or that he suffered damages proximately caused the Commission's breach. *See Rodriguez-Escobar v. Goss*, 392 S.W.3d 109, 113 (Tex. 2013).

As to Shah's due process violation claims, these claims are barred by by sovereign immunity, unless they are shown to be factually viable. *Klumb v. Houston Mun. Emps. Pension Sys.*, 458 S.W.3d 1, 13 (Tex. 2015); *see also Andrade v. NAACP of Austin*, 345 S.W.3d 1, 11 (Tex. 2011).

Shah has not plead a viable claim against the Commission, as any interference with his property interests results from the action of third-parties, not the Commission. A plaintiff alleging a due process violation "must have a liberty or property interest that is entitled to constitutional protection," and that "constitutionally protected right must be a vested right." *Tex. Educ. Agency v. Am. YouthWorks, Inc.*, 496 S.W.3d 244, 260 (Tex. App.—Austin 2016), aff'd, 555 S.W.3d 54 (Tex. 2018). But the Due Process clause does not require the State to protect the property of its citizens against invasion by private actors. *Hickerson v. New Jersey*, No. 08-1033AET, 2009 WL 3296529, at *4 (D.N.J. Oct. 13, 2009).

Finally, Shah has not alleged viable constitutional or statutory takings claims, as he fails to allege any facts showing the Commission engaged in intentional acts to take or damage his private property for a public use. *See Harris Cty. Flood Control*

*Dist. v. Kerr*, 499 S.W.3d 793, 799-803 (Tex. 2016) (discussing Texas constitutional takings claim elements); *see also Tex. Gen. Land Office v. La Concha*, No. 13-19-00357-CV, 2020 WL 2610934, at *8 Tex. App.—Corpus Christi May 21, 2020, no pet.) (discussing necessity for affirmative, direct state action to support Texas statutory takings claim); *and see Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063, 2071-72 (2021) (discussing the government's appropriation or regulation of property as an element of federal takings).

**IV.   Conclusion**

The Commission asks the Court reject Shah's Response pursuant to Local Civil Rule 7.1(d)(7), making the Commission's Motion to Dismiss unopposed. Alternatively, the Commission requests that the Court adjourn this matter to the next hearing date of May 2, 2022, and consider this Reply and any supplemental reply from the Commission filed by or on April 25, 2022. For the reasons stated in its Motion to Dismiss and this Reply, the Commission requests that the Court dismiss Shah's claims against it for lack of subject-matter jurisdiction, lack of personal jurisdiction, and failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). Otherwise, dismissal of claims against the Commission is warranted for lack of proper venue under Federal Rule of Civil Procedure 12(b)(3).

Dated: April 18, 2022

Respectfully submitted,

Office of the Attorney General of Texas
P.O. Box 12548, MC-030
Austin, Texas 78711-2548
(512) 475-1205

By: <u>*s/ Shannon Ryman*</u>
SHANNON RYMAN
Assistant Attorney General
shannon.ryman@oag.texas.gov

Office of the Attorney General of Texas
Environmental Protection Division
P.O. Box 12548, MC-066
Austin, Texas 78711-2548
(512) 463-2012

AMY M. RODRIGUEZ
Assistant Attorney General
Amy.Rodriguez@oag.texas.gov
*Admitted pro hac vice*

SHELLY M. DOGGETT
Assistant Attorney General
Shelly.Doggett@oag.texas.gov
*Admitted pro hac vice*

**Attorneys for the**
**Railroad Commission of Texas**

13

## CERTIFICATE OF SERVICE

I certify that on this date, I caused a copy of the foregoing Memorandum of Law in Support of Motion of Defendant Railroad Commission of Texas to Dismiss Complaint and this Certificate of Service to be served upon the following via EFC:

Peter Shah
132 Montfort Drive
Belle Mead, New Jersey 08502

***Pro Se Plaintiff***

Patricia M. Kipnis
BAILEY & GLASSER LLP
923 Haddonfield Road, Suite 300
Cherry Hill, NJ 08002
pkipnis@baileyglasser.com

***Attorneys for Maple Energy, LLC and Riverstone Holdings, LLC***


Dated: April 18, 2022                                *s/ Shannon Ryman*
Austin, Texas                                        SHANNON RYMAN

14