# THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

402 East State Street, Trenton, New Jersey 08608

_____

Peter I. Shah, Pro Se
132 Montfort Drive
Belle Mead, New Jersey 08502
Ph; 908 432 5030
**Email: petershah@msn.com**

| | |
|---|---|
| PETER I. SHAH, PLAINTIFF<br><br>V.<br><br>MAPLE ENERGY HOLDINGS, LLC<br>RIVERSTONE HOLDINGS,LLC<br>RAILROAD COMMISSION OF TEXAS,<br>DEFENDANTS | CIVIL ACTION<br><br>JURY TRIAL DEMANDED<br><br>**3:21-CV-20791-FLW-TJB**<br><br>ADDITIONAL RESPONSE<br><br>RE: DOCKET 19,23,24<br>MOTION DATE: 5/2/2022 |

## ADDITIONAL RESPONSE IN OPPOSITION TO MOTION TO DISMISS

I, Peter I. Shah, Pro Se Plaintiff (hereinafter 'Shah' or 'I'), file this Additional Response In Opposition to Motion To Dismiss (hereinafter 'MTD') filed by the defendant Railroad Commission of Texas ( 'RRC' or 'Public defendant' ) in the Docket 19. Defendants Maple Energy Holdings, LLC and Riverstone Holdings, LLC ( Collectively 'Private defendants') also have filed MTD in Docket 13.

The RRC has filed MTD under Fed. R. Civ.P. 12 (b)1, 12(b)2, 12(b)3 and 12(b)6. Further to that, RRC filed Memorandum Of Law('MOL') in support of their MTD in Docket 24. Please know that I am assuming here that I am allowed to file the Additional Response in the current circumstances and parameters. If I am required to seek the Court's leave before filing, I request the Court to grant me such leave. Thank you.

1

## ADDITIONAL RESPONSE

The defendant RRC is getting desperate. The justiciable controversy cannot be dismissed by simply filling MTD and claiming sovereign immunity. Please know that I am a citizen of New Jersey as well as of the United States. Generally, 11th amendment sovereign immunity bar applies to the citizens of the same state,where the state agency is located, as here, in Texas. And so, I believe my Federal Constitution claims cannot be barred by pleading state agency  sovereign immunity. Nevertheless, RRC is not the alter ego of the State of Texas. Neither this action can be dismissed by pleading   11th amendment   nor by   the Federal Rule of Civil Procedure 12b.

In the MTD and also in MOL  the defendant RRC keeps on pounding the opinion of the 5th Circuit in the U.S. *Oil Recovery Site PRP Grp v. R.R.Commission of Texas, 898 F.3d 497, 502*. I believe this case opinion is neither helpful  nor availing to RRC.

**1**.    As per *U.S. Oil Recovery Site PRP  Grp v. R.R.Commission of Texas, 898 F.3d 497, 502*.: "*Even if this question were not answered by our precedent, we would have little trouble concluding that the agencies and universities at issue here are arms of the state under the test set out in Clark v. Tarrant County , 798 F.2d 736, 744-45 (5th Cir. 1986). See also Williams v. Dall. Area Rapid Transit , 242 F.3d 315, 318 (5th Cir. 2001). Each of the agencies at issue is a state agency under state law. Tex. Gov't Code § 325.002(1) (defining "State agency"); Tex. Nat. Res. Code § 81.01001(a) (Railroad Commission a state agency); Tex. Gov't Code § 492.012 (Texas Department of Criminal Justice a state agency); Tex. Transp. Code § 201.204 (Texas Department of Transportation a state agency); Tex. Const. art. IV, § 1 ; id . art. XIV, § 1 (Texas General Land Office is State's sole agent for*

*registering land titles). Each is included in the state budget and is substantially funded by the state treasury's general revenue, lacks local autonomy, and has statewide regulatory power.``*

On its face here, I tend to agree that the RRC is the State agency. However, to have protection under state sovereign immunity, the RRC has to be analyzed  in depth to see if it is truly complete alter ego of the State of Texas as analyzed in *Fitchik[1]. Here, without any in depth analysis, the 5th Circuit very loosely opined that RRC is the state agency. By these definitions and opinions, NO state agency or University in Texas can ever be sued. Furthermore, all Universities in this case are  NOT substantially funded by the State[2]. This is a wholesale opinion without any in depth analysis of each agency or university and is painted  with one brush and one paint and is unpersuasive.

In contrast, please see in depth analysis by the 3rd circuit in *Fitchik v. NJ Transit Rail Operations, Inc 873 F. 2d 655.* I believe *Fitchik* controls here. The Commissioners and management of RRC invest in and control many oil and gas operations. The Commissioners of RRC are not appointed by the state government but rather are directly elected by the public. The RRC has 100% autonomy and jurisdiction over all oil and gas operations in Texas.The RRC has the funds or the power to satisfy the money judgment. And so, the Sovereign immunity cannot apply[.]

On the 2nd page of MOL the defendant RRC writes, "Shah's Response consists largely of block quotes copied from cases and constitutional sources and general, conclusory statements that do not respond to the pleading failures specifically raised by the

---

[1] Fitchik v. NJ Transit Rail Operations, Inc 873 F. 2d 655. (3rd Cir)
[2] https://alcalde.texasexes.org/2019/01/looking-at-higher-education-funding-in-texas-and-how-we-got-here/

Commission."   I agree in part and disagree as to the 'pleading failures'.  Please see the following response.

a. What is wrong in copying block quotes from cases? Are they not related here?[3] I believe it is very helpful to explain where each party stands and how the law has been applied. Also, know that all laws   evolve and their interpretation changes with time.

b. I have tried my best to address all   pleadings by RRC. However, I am not a lawyer and so have to work very hard  to answer certain ideology/arguments raised by the RRC.

c. Following is a short chart of authorities that are content of MTD and MOL. The table A shows authorities and their principal holdings. Table B shows authorities inapposite.

Table A

| 1 | Miller Yacht Sales v. Smith, 384F. 3d93,97 (3rd Cir) | Holding that when a court does not hold an evidentiary hearing on the motion, a plaintiff's allegations will be treated as if they were true |
|---|---|---|
| 2 | Pinker v. Roche Holdings Ltd, 292 F. 3D 361,368 (3rd Cir) | Holding that in ruling on a Rule 12(b) motion we must accept all of the plaintiff's allegations as true and construct disputed facts in favor of the plaintiff. |
| 3 | Fitchik v. NJ Transit Rail Operations, Inc 873 F. 2D 655 (3rd Cir) | Holding entity created by state transportation act was not an arm of the state |

---

[3] Please know that I am annoyed and feel a little offended  by the way RRC presented/written its MTD and MOL. RRC points to many case law authorities- without any explanation and/or suggestions of its application in this case.

| 4 | Simi Inv. Co. v. Harris Cty., 236 F.3d 240 (5th Cir. 2000) | Holding that "the invention of a park solely to deny private property holders lawful access to an abutting street is an abuse of governmental power, which on this peculiar factual foundation rises to the level of a substantive due process violation" |
|---|---|---|
| 5 | Knick v. Township of Scott, Pennsylvania, 139 S. Ct. 2162 (2019) | Holding that a property owner may bring a Fifth Amendment takings claim in federal court without first exhausting state remedies |
| 6 | Williams v. Utah Dep't of Corr., 928 F.3d 1209 (10th Cir. 2019) | Holding that the Eleventh Amendment barred a federal takings claim against the State of Utah, after confirming that Utah offered a forum for the claim |
| 7 | Andrade v. NAACP of Austin, 345 S.W.3d 1 (Tex. 2011) | Holding that only one plaintiff need establish standing because the voters sought only declaratory and injunctive relief |
| 8 | Envtl. Processing Sys., L.C. v. FPL Farming Ltd., 457 S.W.3d 414 (Tex. 2015) | Holding because FPL Farming did not establish that the entry was unauthorized or without its consent, even if a trespass claim existed, it necessarily failed |

| 9 | Ex parte Young, 209 U.S. 123 (1908) | Holding that federal courts may enjoin state officials to conform their conduct to federal law |
|---|---|---|

Please see following table of unrelated authorities provided by the RRC

Table B

| 1 | Mala v. Crown Bay Marina, Inc., 704 F.3d 239 (3d Cir. 2013) | Holding that, generally, prisoner presumptively retains his prior citizenship for purposes of diversity jurisdiction |
|---|---|---|
| 2 | Rodriguez-Escobar v. Goss, 392 S.W.3d 109 (Tex. 2013) | Concluding no evidence that Goss's involuntarily hospitalization by defendant probably would have prevented her suicide |
| 3 | Whitmore v. Arkansas, 495 U.S. 149 (1990) | Holding that a third party does not have "standing to challenge the validity of a death sentence imposed on a capital defendant who has elected to forgo his right of appeal" |

**2**. *Clark v. Tarrant County , 798 F.2d 736, 744-45 (5th Cir. 1986):* "Where the factual findings regarding subject matter jurisdiction are intertwined with the merits, we apply the standard as set forth in *Bell v. Hood* that the case should not be dismissed for lack of subject matter jurisdiction unless the alleged claim is immaterial or is wholly insubstantial and frivolous. Williamson,

supra. The questions of subject matter jurisdiction and the merits will normally be considered intertwined where the statute provides both the basis of federal court subject matter jurisdiction and the cause of action. Sun Valley Gas v. Ernst Enterprises, Inc., 711 F.2d 138, 139 (9th Cir. 1983)".

The question thus for us is, at this early stage should the Court decide the MTD on the basis of jurisdiction or on merit of the *Complaint*? Considering the above authorities, it is clear that at this early stage the court can only dismiss the complaint if it is 100% convinced that there is no merit to the Complaint. And so, dismissal is out of the equation here.

On page 7-8 of MOL RRC states:, " And even if the Commission did issue permits, Commission permits merely remove regulatory bars to drilling once a party has shown a good faith claim to develop the property through a mineral lease or deed."

Really? How did  RRC determine the  good faith claims? Does RRC have any procedure manual to determine  good faith claims? What percentage of minerals are needed before good faith claim permits are issued? (See Exhibit A).   Are  good faith claim permits allow to store personal property on the severed surface of leased minerals? Are good faith claim permits allow to install pipelines on the surface?  Are  good faith claim permits allow to use as much surface as want or it has to be reasonably necessary? Can good faith permits be issued without the permission of the surface owner? Can good faith permits  allow private defendants to invade property? Can good faith permits allow unlimited $H_2S$ gas flaring? Can good faith permits allow daily trespass? The list can go on and on and it is suffice to say that the exhaustive discovery needs to be done here.

7

**3.**   *Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946):"Jurisdiction, therefore, is not defeated as respondents seem to contend, by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction. . . . The previously carved out exceptions are that a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous."

I have no frivolous claims here. I am trying to get my land back and/or get just compensation for it. At the least, I should be allowed to recover money for the past performance of my real property and should be able to sign a similar contract that I have currently with a renewable energy storage company. These are the rights granted to me in the Texas Constitution as well as in the US Constitution. That is all.

Please know that I am extremely concerned about the gas flare and possible oil spills on my land and request the Court to quickly help me with the harmful and unhealthy situation on my land. Here, my life, liberty and property- all are in grave danger.

On page 8 of MOL the RRC writes, " Here, Shah does not dispute that leases already exist, instead contends that Maple defendants do not comply with the leases, or, alternatively, that the leases give Texas mineral interest owners too many rights."

How does RRC know this? I don't  know if the leases already exist or not. Please see exhibit A.(My letter inquiry to RRC in this matter). In any case, RRC is an indispensable party here as it has complete jurisdiction over extremely harmful gas flare and other oil, gas and pipelines related activities. And so, this is NOT ONLY a private contractual dispute and RRC cannot be dismissed.

In their repeated argument, RRC alleges that Personal Jurisdiction does not exist. Again, RRC is wrong. All my communication and correspondence with RRC or AG of Texas  has happened from New Jersey, either from the same physical address or from same internet protocol address.(See Exhibit A,B and Docket 14  ). This suit is filed under the United States Constitution. We all are united states. We are all connected. How can RRC deny that?

Last year in March, we saw a great power failure in Texas from extreme winter weather. Never in the history of Texas has happened a power failure of such a biblical proportion. Can extreme gas flaring by RRC contribute to that?

I have been a New Jersey resident for the past 23 years. Last year I saw 9 inches of rainfall in one hour. I had never seen or felt anything like that.  What gives? Can flaring and fracking in Texas attributed that?

The RRC keeps on stating that "(the) Commission didn't do anything more than regulate oil and gas operations in Texas". However, with the regulatory authority comes responsibility and

accountability. Now is the RRCs' chance and the opportunity to clear its name. Why shouldn't they? What are they afraid of?

**4.**   Andrade v. NAACP of Austin, 345 S. W. 3d 1, 11 (Tex 2011): "As the Supreme Court has noted, "[t]o deny standing to persons who are in fact injured simply because many others are also injured, would mean that the most injurious and widespread Government actions could be questioned by nobody." *United States v. Students Challenging Regulatory Agency Procedures*, 412 U.S. 669, 686-88, 93 S.Ct. 2405, 37 L.Ed.2d 254 (1973). Thus, "where a harm is concrete, though widely shared, the Court has found injury in fact." *EEC v. Akins*, 524 U.S. 11, 24, 118 S.Ct. 1777, 141 L.Ed.2d 10 (1998) (citation omitted)".

Shah is injured by RRC permits and procedures.  Shah has *been* injured by *ipso facto* regulations  of RRC. Shah has suffered 'injury in fact'   that is 'fairly traceable' to the RRC's as well as private defendants' conduct and it will 'likely be redressed by a favorable decision'.

This is common sense. Can private defendants operate gas flares , if the RRC pulls the plug on them? Of course not. Can private defendants store oil and gas on my land without any permit from RRC? Of course not. Can private defendants build and use the roads, pipelines and storage tanks without RRC's supervision and permits? Of course not. Can private defendants get permits from RRC to operate on my land without paying any fees or without posting any bonds? Of course not. Can private defendants trespass on my land without any permit or guidance from RRC? Of course not.

Again, RRC is the indispensable party and cannot be dismissed.

## CONCLUSION

The Railroad Commission of Texas is getting desperate. They know that this complaint cannot be dismissed at this early stage. Your Honor, please maintain the case here. Two central facts are established here and accepted by all parties. (i) Private and Public defendants working in tandem have built massive oil and gas operations on my land and (ii) I have received no monetary benefit.

The dismissal of the complaint is neither needed nor appropriate. The Court has jurisdiction and is allowed to grant me  requested relief in the *Complaint*. The MTD has no merit and must be denied.

I pray for all just and proper remedies.

Respectfully Submitted

Peter Shah, Pro Se                    Date 4/22/2022

Certificate of Service

On 4/22/22, I sent this Additional Response to the following email addresses.

pkipnis@baileyglasser.com,          andrew.heck@wilsonelser.com,
susan.scott@law.njoag.gov           shannon.ryman@oag.texas.gov
amy.rodriguez@oag.texas.gov         shelly.doggett@aog.texas.gov

Peter Shah

# EXHIBIT A

**Peter Shah**
132 Montfort Drive
Belle Mead, NJ 08502
(908) 432 5030
Email: petershah@msn.com

07/07/2020

Via: Priority Mail Confirmation # 9114 9999 4431 4391 3156 89

**Railroad Commission of Texas**
1701 N. Congress
Austin, Texas 78701

**Re:** Percentage of mineral rights needed before building a tank
battery/gas flare/pipelines on the severed surface, without surface
owner's approval.

Dear Sir/Madam:

In recent days an oil and gas operating company had built a tank battery and gas
flare on my surface, without my approval. I have been told that the mineral owner(s)
are allowed under authority of Railroad commission to perform such tasks and
exploit their mineral rights. In my investigation, it appears to me that the Oil and Gas
companies (MDC Texas Operators etc) mineral rights ownership may be less than
10%.

My question here is, what percentage of mineral rights are required, before building
a tank battery, gas flare, pipelines and related equipment on a severed surface?

Any guidance that you provide will be highly appreciated.

Awaiting your reply,
Sincerely,

Peter I. Shah
Property Owner, Reeves County, Texas ( ID 15281)

USPS TRACKING #   **9114 9999 4431 4391 3156 89**
& CUSTOMER         For Tracking or inquiries go to USPS.com
RECEIPT            or call 1-800-222-1811.

# EXHIBIT B



KEN PAXTON
ATTORNEY GENERAL OF TEXAS

December 10, 2021

Mr. Peter I. Shah
132 Montfort Drive
Belle Mead, NJ 8502

Dear Mr. Shah:

Thank you for your recent letter. We appreciate your contacting the Office of the Attorney General and making us aware of your concerns.

You have requested an attorney general opinion. An attorney general opinion is a written interpretation of existing law where a legal issue is ambiguous, obscure or otherwise unclear. Opinions interpret existing laws in accordance with all applicable statutes and the Constitutions of the United States of America and the state of Texas.

The Texas Government Code Section 402.042 indicates to whom the Office of the Attorney General may provide a legal opinion. Opinions are written only at the request of certain state officials, defined as "authorized requestors." Please understand that the Office of the Attorney General is prohibited by law from providing legal opinions to anyone other than authorized requestors. You may wish to contact an authorized requestor about submitting an opinion request on your behalf.

You can read about the opinion process, find a list of authorized requestors and research opinions issued by this office in the Opinion Section of our website at https://www.texasattorneygeneral.gov/attorney-general-opinions.

Again, thank you for writing. Please feel free to contact the Office of the Attorney General if we may be of further assistance.

Sincerely,

Chase Cowart
Chase Cowart
Constituent Affairs Division
Office of the Attorney General of Texas