UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PETER I. SHAH,** | Civil Action No. 21-20791 (FLW) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| **MAPLE ENERGY HOLDINGS, LLC, et al.,** | |
| Defendants. | |

This matter comes before the Court on two motions filed by Plaintiff Peter I. Shah ("Plaintiff" or "Shah") requesting (1) leave to file a motion for sanctions (Docket Entry No. 41) and (2) leave to file a first Amended Complaint (Docket Entry No. 47). Patricia M. Kipnis, Esq. and the law firm of Bailey & Glasser, LLP, counsel of record for Maple Energy Holdings, LLC and/or Riverstone Holdings, LLC (referred to collectively as "Maple Energy"), oppose the motion for leave to file a motion for sanctions ("Motion for Sanctions"). (Docket Entry No. 43.) Furthermore, Defendants Maple Energy and the Railroad Commission of Texas (the "Commission") oppose the motion for leave to file an Amended Complaint ("Motion to Amend"). (*See* Docket Entry Nos. 49 and 51.) For the reasons set forth below, Plaintiff's Motion for Sanctions (Docket Entry No. 41) is **DENIED**, and his Motion to Amend is **DENIED**, without prejudice (Docket Entry No. 47).

1

I.      **<u>Background</u>**[1]

On January 3, 2022, Plaintiff filed this action which arises from a dispute over Maple Energy's right to conduct certain oil and gas operations on his Texas-based property. (*See generally* Pl.'s Compl., Docket Entry No. 1.) According to the Complaint, Plaintiff owns approximately twenty acres of real property located in Reeves County, Texas. (*See* Pl.'s Compl., Ex. B, Docket Entry No. 1-3). Plaintiff alleges that—for a period of nearly two years—Maple Energy has engaged in the unauthorized use of "tank battery and related oil and gas operations have been on [his] land." (*Id.* at ¶ 3.) He alleges that he has "not signed any surface use agreement for tank battery operations nor any easement agreement for roadways, water wells and pipelines for the subject operations." (*Id.* at ¶ 4.) Nor has he "authorized anyone to build and operate Tank Battery, Pipelines, Gas Flare, Chemical Tanks, Water Tanks, Cellular Antenna, Powerlines, Transportation Hub, Electrical equipments [sic], Storage Tanks, Salt Water Disposals, Cameras, Fences, and other related operations equipment on [his] land for oil and gas operations, exploration and storage." (*Id.* at ¶ 2.)

Plaintiff also brings claims against the Railroad Commission of Texas (the "Commission"). As it relates to the Commission, Plaintiff's allegations are less clear, though it appears that he alleges that the agency should have been regulating Maple Energy's tank and gas flare operations in a different manner. (*Id.* at ¶ 6). Plaintiff has submitted email correspondence—which he forwarded to the Commission—wherein he raised his concerns of Maple Energy's "unpermitted

---

[1] The Court recites only the most pertinent facts relevant to the pending Motions and in consideration that the parties are fully familiar with the case proceedings.

gas flaring/venting operations." (*See* Compl., Ex. D, at 2.)  Notably, the Commission has regional offices throughout Texas and its regulatory authority is limited to the State of Texas.[2]

Plaintiff brings claims against all Defendants for "[i]llegal taking, trespassing, fraud, negligence, unauthorized use, damages, [and] constitutional violations." (Docket Entry No. 1 at 4.)  He seeks compensatory and punitive damages for the Defendants' alleged state and federal takings clause and due process violations.  (*Id.*)  As it relates to certain jurisdictional inquiries,[3] the Court is mindful that the events giving rise to this action involve "real property owned by [P]laintiff in the State of Texas." (Docket Entry No. 1.)  Defendant Maple Energy Holdings, LLC is formed under Delaware law and its principal place of business is in the State of Texas.  (*See* Maple Energy's Br. in Supp. of Mot. to Dismiss at 6, Docket Entry No. 13-1.)  Defendant Riverstone Holdings, LLC is a Delaware limited liability company with its principal place of business in the State of New York.  (*See id.*)  The Commission is a state agency of Texas and is physically located in Austin, Texas.  (Docket Entry No. 19-1, at 21.)

The Commission and Maple Energy have moved to dismiss the Complaint on multiple grounds.  On February 12, 2022, Maple Energy filed a Motion to Dismiss for lack of personal jurisdiction, failure to effect proper service of process, and failure to state a claim upon which

---

[2]  *See* Tex. Nat. Res. Code § 81.051(a) (noting that "[t]he commission has jurisdiction over (1) common carrier pipelines defined in Section 111.002 of this code in Texas; (2) oil and gas wells in Texas; (3) persons owning or operating pipelines in Texas; and (4) persons owning or engaged in drilling or operating oil or gas wells in Texas.")

[3]  The Court comments on jurisdiction only so far as it will bear on the discussion, *infra*, on the merit of Plaintiff's Motion to Amend.  (Docket Entry No. 47.)  This Memorandum & Order takes no position on the dispositive Motions to Dismiss (*See* Docket Entry Nos. 13, 19, and 44), which are pending before the District Court.

relief may be granted. FED.R.CIV.P. 12(b)(2), 12(b)(5), and 12(b)(6). (*See* Docket Entry No. 13.) The Commission, for its part, moved to dismiss the Complaint for lack of subject matter jurisdiction under Rule 12(b)(1) alleging the Commission is immune from Plaintiff's claims under the Eleventh Amendment. (*See* Docket Entry No. 19.) Like Maple Energy, the Commission has also sought dismissal pursuant to Rules 12(b)(2), 12(b)(3), and 12(b)(6) for lack of personal jurisdiction over the Texas agency, improper venue, and failure to state a claim. (*Id.*)

While this matter was pending, Maple Energy filed a lawsuit in Reeves County, Texas (the "Texas Action"), against Plaintiff, for injunctive and declaratory relief to protect its rights to conduct its oil and gas operations on Plaintiff's Texas property. The Texas state court rendered a Final Judgment concluding that Maple Energy had the right to use Plaintiff's property and granted Maple Energy injunctive relief to prevent Plaintiff from interfering with those rights. (*See* Docket Entry 43-1). Accordingly, Maple Energy has filed an additional Motion to Dismiss predicated on the collateral estoppel doctrine. (Docket Entry No. 44.)

Before the District Court issued its ruling on the Commission's and Maple Energy's Motions to Dismiss (Docket Entry Nos. 13, 19, and 44), Plaintiff filed the instant Motion for Sanctions (Docket Entry No. 42) and Motion to Amend (Docket Entry No. 47). As a result, the District Court temporarily terminated the Motions to Dismiss, pending the Court's decision on the Motion to Amend. (*See* 10/25/2022 Text Order, Docket Entry No. 52).

For the following reasons, Plaintiff's Motion for Sanctions is DENIED, and his Motion to Amend is DENIED, without prejudice.

### A.   Motion for Sanctions

On September 20, 2022, Plaintiff filed his Motion for Sanctions against counsel for Maple Energy, Patricia M. Kipnis, Esq., and her law firm, Bailey & Glasser, LLP.  (Docket Entry No. 41.)  In support of his Motion, Plaintiff exclusively relies on two Exhibits: (1) a Consent Order granting substitution of attorney for Ms. Kipnis's appearance in the action (*See, e.g.*, Docket Entry No. 12) and (2) a copy of a Motion for Sanctions against Ms. Kipnis and her law partner, John G. Turner, III, and their law firm Bailey & Glasser, LLP, filed in the Texas Action.  Defense counsel notes that, on the same day that Plaintiff sought leave to file his motion before this Court, the Texas state court had already denied Plaintiff's motions for sanctions, which were predicated on the same arguments and submissions presented here, against Mr. Turner and his law firm.  (*See* 9/20/2022 Order Denying Motion for Sanctions, Docket Entry No. 43-4; Ex. B, Docket Entry No. 43-2).  For the reasons below, Plaintiff's attempt at "a second bite of the apple" fails.

"It is well-established that courts have the power to impose sanctions on both litigants and attorneys to regulate their docket, to promote judicial efficiency and to deter abuse of judicial process."  *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 505 (3d Cir. 1991.)  "A Court may assess attorney's fees when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'"  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46, 111 S. Ct. 2123, 115 L.Ed. 2d 27 (1991). "Generally, a court's inherent power should be reserved for those cases in which the conduct of a party or an attorney is egregious and no other basis for sanctions exists."  *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F. 3d 175, 189 (3d Cir. 2002.)  Generally, "because of their very potency, inherent powers must be exercised with restraint and caution."  *Id.*

Plaintiff first argues that Ms. Kipnis, a New Jersey licensed lawyer who is representing Maple Energy in the New Jersey action, and Mr. Turner, a Texas licensed lawyer representing one of the same clients in the Texas Action, have engaged in the "unauthorized practice of law" by consulting day-to-day on the cases and billing their clients for the time to do so. (Docket Entry No. 41 at 8–10.) Plaintiff similarly sought an Order in the Texas Action that would have barred Ms. Kipnis from any fees from the Texas litigation. Assuming it was within the province of this Court to sanction an attorney based on conduct in another jurisdiction, Plaintiff has not provided any evidence that Ms. Kipnis had formally appeared in the Texas case on behalf of Maple Energy. As to Mr. Turner, his participation in this matter was upon invitation of this Court.

Moreover, that Ms. Kipnis has been coordinating and strategizing her work on the two related cases with Mr. Turner, her law partner, is not improper. Assuming Plaintiff has standing to, at this juncture, challenge the Defendants' billing practices, it is not uncommon for two lawyers from the same firm to bill the same client when collaborating and working on two related cases. Nor is it unusual for members of the same law firm to discuss and coordinate their efforts on behalf of a client, who may require active representation in several jurisdictions at once. The Court concludes, therefore, that the collaboration between Ms. Kipnis and Mr. Turner, both members of the same firm who were representing and billing the same client, does not warrant the imposition of sanctions.

Next, Plaintiff appears to allege that it was improper for Riverstone Holdings, LLC, a parent company of Maple Energy Holdings, LLC, to pay legal fees on Maple Energy Holding's behalf. (*Id.* at 10 ¶ 8.) This does not amount to sanctionable conduct. Moreover, it is not unusual,

6

nor is it nefarious, for a parent company to pay legal fees on behalf of its subsidiary. The manner in which Defendant Maple Energy allocates and/or manages its bills is a matter of internal accounting and does not bear on whether its attorneys engaged in professional misconduct.

Finally, the Court considers Plaintiff's allegations that Ms. Kipnis and her law firm engaged in the unauthorized practice of law. Defense counsel notes that they have "represented Riverstone and its related entities for a number of years" where "[m]any lawyers at the firm participate in that representation and are assigned to various matters based on geographic location and area of professional focus." (Docket Entry No. 43 at 9.) When Plaintiff filed an action in this District, Ms. Kipnis, a New Jersey licensed attorney appeared on behalf of the Maple Energy defendants in this action. Whereas, in the Texas based action, the firm assigned Mr. Turner, a Texas based attorney, to handle that matter.

Ms. Kipnis has not filed and/or signed pleadings in the Texas Action. And Plaintiff has not offered any evidence that Ms. Kipnis improperly appeared in the Texas action. Assuming that Ms. Kipnis reviewed and commented on pleadings that were ultimately filed in the Texas Action, the Court finds that it is standard practice for attorneys, particularly those from the same firm representing the same client against the same adversary, to collaborate and strategize with one another. Plaintiff has failed to demonstrate that Ms. Kipnis engaged in an unauthorized practice of law in the State of New Jersey. Plaintiff has also failed to identify any conduct by counsel that would even tenuously warrant sanctions.

As to Mr. Turner's conduct, there is no evidence that Mr. Turner formally appeared, filed pleadings, or signed dispositive motions in this Court. And, as Plaintiff is aware, Mr. Turner's

participation in two conference calls was by invitation of this Court. Indeed, during the first telephone conference, Mr. Turner informed the Court that he was not admitted *pro hac vice.* The Court none the less requested that he participate in the conference so that he could address the Court's questions regarding the status of the Texas Action and its proceedings, as well as the interplay between the New Jersey and Texas actions. Finally, Plaintiff raises an email exchange in which Mr. Turner responded to the Court with respect to Maple Energy's willingness to engage in settlement negotiations. In that correspondence, Mr. Turner explained that he was responding because Ms. Kipnis was unavailable at the time and noting that that he did not want a settlement to "interfere in any way with [Maple Energy's] ability to proceed in the Texas action." (*See* Docket Entry No. 41, Ex. D.) Again, it was not improper for Mr. Turner to communicate with the Court via email, particularly under the circumstances presented here, where he was actively representing Maple Energy in the Texas Action and had useful information on the status of those proceedings. Mr. Turner's involvement in this action is not sanctionable. In fact, the Court appreciates his willingness to assist this Court in its endeavor to manage this matter most efficiently. Plaintiff's Motion for Sanctions is DENIED.

      B.     **Motion to Amend the Complaint**

Plaintiff's Motion to Amend his Complaint (Docket Entry No. 47), endeavors to (1) increase the amount of actual and punitive damages; (2) add counts for unjust enrichment, negligence, recklessness, and fraud; and (3) add Mr. Christopher A. Abbatte, an individual, and the law firm Bailey & Glasser, LLP as Defendants in this matter. Both Maple Energy and the Commission oppose the Motion. (Docket Entry Nos. 49 and 51.) Plaintiff submitted his reply on

8

October 28, 2022. (Docket Entry No. 53.) After carefully considering the parties' submissions, Plaintiff's Motion to Amend is DENIED, without prejudice.

Pursuant to Federal Rule of Civil Procedure ("Rule") 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The Supreme Court has declared that, "[i]n the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.'" *See Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962)).

However, when a proposed amendment involves issues of the Court's jurisdiction over a party's claims, a more detailed inquiry is required. The courts have determined that, in instances where jurisdiction is lacking over an action at the outset, there is simply no authority for leave to amend a cause of action. *See Saxon Fibers, LLC v. Wood*, 118 F. App'x 750, 752 (4th Cir. 2005) ("a court without subject matter jurisdiction lacks authority to grant a party's amendment motion"); *Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) ("[i]f jurisdiction is lacking at the outset, the district court has no power to do anything with the case except dismiss" and "any order other than to dismiss is a nullity"). As another district court has emphasized, where a court "never. . . had power to act in the matter, the court *never* had authority to permit an amendment to the complaint." *Falise v. American Tobacco Co.*, 241 B.R. 63, 66 (E.D.N.Y. 1999) (emphasis in original).

Plaintiff's Motion to Amend the Complaint is premature. As mentioned above, Plaintiff filed his Motion to Amend while the Commission's (Docket Entry No. 19) and Maple Energy's Motions to Dismiss (Docket Entry Nos. 13 and 44) were pending. If the District Court finds that it lacks jurisdiction over Plaintiff's pending claims, then this Court lacks the authority to amend the pleadings from the outset. *See Saxon Fibers*, 118 F. App'x at 752; *Morongo*, 858 F.2d at 1380; *Falise*, 241 B.R. at 66. Here, there are critical threshold questions as to whether this matter can proceed in this Court. The Commission has raised noteworthy arguments as to whether there is subject matter jurisdiction against it based on its alleged immunity under the Eleventh Amendment. Similarly, the Maple Energy Defendants have raised arguments to dismiss the Complaint for (i) lack of personal jurisdiction; (ii) failure to effect proper service of process; (iii) failure to state a claim; and (iv) most recently, whether this action is barred by the collateral estoppel doctrine. Further, Plaintiff does not seek to address these arguments in his Motion to Amend, but, instead, proposes different, unrelated amendments.

Accordingly, the outcome of Plaintiff's motion to amend turns directly on the Complaint's ability to survive Defendants' Motions to Dismiss. Nothing in Plaintiff's Motion to Amend speaks to these threshold inquiries. Plaintiff's Motion to Amend is DENIED without prejudice and may be revisited if this matter survives the Motions to Dismiss or upon leave of Court.

**IT IS on this 9th day of December, 2022,**

**ORDERED THAT PLAINTIFF'S MOTION FOR SANCTIONS (DOCKET ENTRY NO. 41) AGAINST PATRICIA M. KIPNIS, ESQ. AND HER LAW FIRM, BAILEY & GLASSER, LLP, SHALL BE DENIED; AND**

**IT IS FURTHER ORDERED THAT PLAINTIFF'S MOTION TO AMEND (DOCKET ENTRY NO. 47) THE COMPLAINT IS DENIED, WITHOUT**

**PREJUDICE, PENDING THE DISTRICT COURT'S DECISION ON THE MOTIONS TO DISMISS; AND**

**THE CLERK OF COURT IS DIRECTED TO TERMINATE DOCKET ENTRY NOS. 41 AND 47; AND**

**DEFENDANTS ARE TO ADVISE BY DECEMBER 20, 2022, WHETHER THEY SEEK TO REACTIVATE THE MOTIONS TO DISMISS OR FILE ANEW.**

        **s/ Tonianne J. Bongiovanni**
        TONIANNE J. BONGIOVANNI
        United States Magistrate Judge